WILLIAM T. HIGGINBOTHAM *vs.* HASELDEN & ROHRBOUGH.

January Term, 1869.

1. The act of the General Assembly, at Wheeling, passed February 10th, 1862, declaring certain persons non-residents, will permit a judgment on an order of publication merely, without any attachment levied on property belonging to the defendant.

2. Parties who are proceeded against by order of publication have one month after the order is completed to appear and plead; and it is error to confirm a conditional judgment at rules before the expiration of that time.

.3. The clerk of the circuit court is required to make out a docket of the causes ready for trial or hearing before the commencement of each term, and no case not matured and ready for trial before the commencement of a term can be placed on the docket for trial or hearing.

4. Where the time allowed for the defendant, proceeded against as a non-resident, did not expire until the day on which a term of court began it was error to place the cause on the docket for trial.

5. On a trial in the circuit court to reverse a judgment for want of due notice of the original action, by order of publication, it is not error to receive proof of the posting of the order of publication at the front door of court house.

Haselden & Rohrbough brought an action of trespass on the case against William T. Higginbotham, Thomas W. Tillman, Isaac J. Post, John S. Huffman, John D. Imboden and William L. Jackson, in the circuit court of Upshur county, to September rules, 1863. The summons was returned executed on Tillman and Post, and "not found" as to the other defendants. The declaration was filed at September rules and conditional judgment had as to the de-

---

\* He had been counsel in the cause below.

fendants served with process; an order of publication was had as to other defendants. The order of publication appeared in the newspaper on the 17th of September, 1863, for the first time. It is accompanied in the record by a certificate of the clerk that it was posted according to law; which certificate bore date on November 4, 1863. At the October rules the judgment was confirmed as to Tillman and Post, and a conditional judgment was had as to other defendants. At the November rules the conditional judgment against absent defendants was confirmed. On the 15th day of November, which was the beginning of a term of court, the cause being docketed, the plaintiffs filed the order of publication with the certificate of the publisher, and on the 18th day of the same month a trial was had, after the death of Tillman had been suggested and the suit abated as to him by the plaintiffs, and verdict and judgment rendered for the plaintiffs for 8,000 dollars.

By the record it appears that the jury was sworn to inquire into the damages in the suit, and returned into court and said "that the plaintiffs have sustained damages by occasion of the matters in the declaration mentioned," &c.

The affidavit in the cause upon which the order of publication was had, affirmed that the defendants were reputed to be in sympathy with the southern rebellion and had voluntarily left their usual places of abode and gone out of the reach of the personal service of civil process issuing from the county in which they had last resided, and had so remained more than ninety days, and were therefore deemed non residents.

Higginbotham sued out a notice to the plaintiffs on the 16th of May, 1866, that he would move the circuit court of Upshur to reverse the judgment. On the same day the notice was docketed.

It alleged the causes of reversal:

"1. Because he was never served with process in said cause to answer the plaintiff's demand therein, nor was the attachment issued therein executed upon any estate whatever.

2. Because, without any return of the execution of the

process against him in the cause aforesaid, a judgment was entered at rules against him.

4. Because the jury were not sworn to ascertain or try whether he was guilty of the acts complained of against him in the said cause, but merely to inquire of damages.

Because the jury, in their verdict, did not find him guilty of the matters or any of them complained of against him, but merely assessed the damages which the plaintiffs had sustained by reason of the matters in the declaration mentioned, and judgment entered thereon accordingly.

5. Because of other errors apparent from the record of the said cause."

The court overruled the motion to reverse the judgment and gave the defendants therein judgment for costs. On the hearing of this motion after the plaintiff therein had produced the record of the original case and his notice, the defendant introduced the clerk to prove the posting of the order of publication at the front door of the court house after September rules, 1863, to which the plaintiff objected, and his objection being overruled he excepted.

There were no other bills of exception taken by the plaintiff in the motion; some others were taken by the defendants but were not considered by this court.

Higginbotham applied to this court for a writ of error and supersedeas to the judgment of the court on his motion to reverse.

*Lee & Edmiston* and *Boggess* for the plaintiff in error.
*Wheat* for the defendants in error.

BERKSHIRE, J.   This is a supersedeas to the judgment of the circuit court of Upshur county, overruling a motion founded on the 5th section of chapter 181 of the Code 1860, p. 681, to correct certain alleged errors in a judgment rendered in said court on the 18th of November, 1863, in favor of the defendants in error against the plaintiff in error and Isaac J. Post, John S. Hoffman, John D. Imboden and Willam L. Jackson.

The process which issued in the suit, in which the judgment complained of was rendered, was returned executed on Thomas W. Tillman, who subsequently died and the suit as to him abated, and Isaac J. Post, and *nihil* as to all the other defendants.

There was no appearance by any of the defendants in the case, and it must, therefore, be regarded as a judgment by default, and if there be errors in it, it was proper to correct them by motion in the manner proposed by the plaintiff in error. *Davis, sheriff*, vs. *The Commonwealth*, 16 Grat., 134.

The suit, as appears from the record, was commenced on the 3d day of August, 1863.

The process was returned at the September rules following, executed on the defendants Tillman and Post, and *nihil* as to the other defendants, and the plaintiffs having filed their declaration the common order was entered as to the said Tillman and Post and an order of publication taken as to the other defendants on whom process had not been served.

At the October rules following, the common order against Tillman and Post was confirmed, and one, at the same time, entered against the other defendants, reciting the order of publication against them at the September rules and requiring them to appear at November rules following, and plead to issue.      \

At November rules, the conditional judgment against the four defendants, proceeded against by order of publication, was confirmed, and the case was then put on the trial docket for the next term of the court, which commenced on the 15th day of the same month, and judgment was accordingly rendered, at the same term, against all the defendants except Tillman, as to whom the suit had abated by his death.

Numerous errors in the proceedings are assigned in the notice and petition for the supersedeas, which, without observing the order in which they are presented, I will proceed to consider.    And as the second error complained of is the most important and goes to the jurisdiction of the

court, and if well assigned is perhaps an end of the case as to all the defendants except Post, I propose to examine it first.

In this assignment it is claimed that it was error in the court to take jurisdiction of the cause and render judgment as by default against the defendants, who were not served with process, upon an order of publication merely, without any attachment levied on any property belonging to them or either of them. The solution of this question must depend on the construction to be given to the act of the 10th of February, 1862, p. 39, under which the defendants were proceeded against. In the construction of this, as in other statutes, we are to be governed by the ordinary rules of construction in like cases. And according to the familiar rules we are first to look at the mischief sought to be remedied and second to the remedy to be provided, and all statutes are to be construed in the light of surrounding circumstances at the time of the enactment. Now, keeping these rules in view, I think we cannot fail to clearly discover the legislative intent in the passage of the act under consideration.

This law, it is needless to remark, was enacted under very peculiar and extraordinary circumstances, and I think its propriety and necessity will be made apparent when we consider the condition of the country at the time and the law in force previous to the passage of this act.

What then was the mischief in this case for which a remedy was intended to be provided? It was that the citizen who remained loyal and adhered to the government could have no adequate remedy under the laws then in force for certain wrongs and trespasses committed by another class of citizens or residents of the State, over whom the courts could not obtain jurisdiction on account of the rebellion and war then pending in this country.

It is true that by the 10th section of chapter 170 of the Code of 1860, p. 707, a remedy was provided by order of publication in certain cases against residents of the State, when, after the use of proper diligence, it could not be as-

certained in what county or corporation in the State the defendants were. But this, it was found, afforded no remedy in many cases as the difficulty did not consist in not being able to ascertain the locality of the parties, but in the impossibility of reaching them with process, which was entirely obstructed by the operations of the war then pending in this country.

It was, therefore, to remedy this difficulty and mischief that the act in question was passed. What is the remedy provided by it? It is in effect, that if a person against whom a cause of action may exist shall voluntarily take up arms against the government of the United States, or one reputed to be in sympathy with the rebellion, quit his home or usual place of abode and go out of reach of personal service of civil process, issued from the county in which he last resided, and remain there for the space of ninety days, he shall be deemed a non resident and may be proceeded against by attachment or otherwise in like manner as non residents were then proceeded against. I think it must appear obvious from the language here used that it was not intended to limit the plaintiff in these cases to the remedy by attachment alone, and that a proceeding by order of publication without attachment, which is one of the modes of proceeding against a non resident under the 10th section of chapter·170, before cited, was contemplated by the legislature and is clearly embraced in the comprehensive and alternative terms "or otherwise."

If this be not so and an attachment levied is indispensable to the validity of such order of publication then, unless the defendant, against whom a right of action existed, had property that could be levied on, there would be no remedy against him, and the act under consideration, notwithstanding the plain and comprehensive language found in it, would be less efficient than the former law, which, as we have seen, authorized a proceeding by order of publication without attachment in certain cases against a resident of the state. I cannot doubt, therefore, that it was the intention of the legislature to authorize the proceeding by or-

der of publication against the class of persons described in the act, and that while they are, for the purposes of the act, to be deemed non residents and to be proceeded against in the same way that they are proceeded against, it was not intended that they should in every respect, and especially with reference to the jurisdiction of the court, be put on the same footing and bear the same relation of an actual non resident of the State.

It seems to me, therefore, that it was not error to proceed against the defendants in this case by order of publication without attachment levied on their property or the property of either of them.

The next error complained of, is, in relation to the rules taken and entered by the clerk in the office.

The 5th section of chapter 170 of the Code, p. 706, provides that process to commence a suit shall be a writ of summons.   Section 9 of the same chapter, p. 707, provides that "No judgment shall be rendered on a *scire facias*, or in any other case, on returns of *nihil*."

The 42d section of the same chapter, p. 714, provides that, when process is returned at rules executed and the plaintiff files his declaration and the defendant fails to appear, a conditional judgment as to such defendant may be entered, and that at the next rules thereafter, if such defendant continue in default, judgment shall be entered against him with an order for damages to be enquired into, when such enquiry is proper.

Section 10 of the same chapter, p. 707, provides for an order of publication in certain cases against residents and non residents.   Section 11 provides how the order shall be executed, and section 12 provides that if the defendants against whom it is taken shall not appear within one month after such order of publication is completed, the case may be tried or heard as to them; and that "upon any trial or hearing under that section such judgment, decree or order shall be entered as may appear just."   From these provisions it is manifest that the clerk erred in taking the rules against the defendants who were not served with process.

| Jan'y Term, | Higginbotham vs. Haselden & Rohrbough. | 1869. |
|---|---|---|

These errors in the rules might perhaps have been immaterial if they had not led to subsequent errors in the proceedings, of a more serious nature. The order of publication was published in the paper for the first time on the 17th of September, 1863. The month, therefore, given the defendants to appear and make defense after due publication of the order did not expire until the close of the 15th day of November, 1863, that being the day on which the November term of the court commenced.

By section 1 of chapter 177 of the Code, 1860, p. 730, the clerk is required to make out a docket of the causes ready for trial or hearing before the commencement of such term of the circuit court, and it follows that no case not matured and ready for trial before the commencement of a term can be put on the docket or tried at such term. *Hale* vs. *Chamberlain, &c.*, 13 Grat., 658.

I think it clear, therefore, that as the time allowed to the defendants in this case, who were proceeded against by order of publication, had not expired at the commencement of the term at which the judgment complained of was rendered against them, the case was prematurely placed on the docket and heard as to them.

I do not think the court committed an error of which the defendant could complain in receiving proof on the trial on the hearing of the motion, of the posting of the order of publication.

The case must be reversed with costs to the plaintiff in error here, and remanded to the circuit court for further proceedings to be had according to the principles herein declared.

The President concurred.

JUDGMENT REVERSED.