### ANDREW McDONALD *et al.* *vs.* GEORGE W. McDONALD.
### *Idem.*       *vs.* JAMES L. CAMPBELL.

### August Term, 1869.

1. It is error to render a decree at a term which begins before the period of one month has expired from the due execution of an order of publication. Code of Virginia, 1860, chap. 170, sec. 11.

2. It is error to render a decree against infants without a guardian *ad litem* having been appointed. And it cannot be presumed that such guardian was appointed, in the absence of proof that the records were lost or destroyed.

3. At a special term of court, any civil cause may be tried which could lawfully have been, but was not tried at the last preceding (regular) term which was or should have been held. Code of Va., 1860, ch. 158, § 33.

Robert McDonald, of Berkeley county, died testate in 1859, leaving a tract of land of about 121 acres in that county, devised to his brother Andrew McDonald for life, and then to his nephew Robert McDonald, son of Andrew McDonald, in fee, subject to the dower of the testator's widow.

The devisees both died before the testator. The will was proven and admitted to record; it contained a residuary clause devising his estate to his brothers and sisters, share and share alike.

George W. McDonald, a brother of the testator, filed a bill in July, 1860, asking a partition of the land, and if not susceptible thereof, a sale of the same. He made the remaining brothers and sisters parties defendant, some of whom were alleged to be unknown, and others were desig-

---

*These causes were heard at the July Term, 1868. Judge Berkshire was not a member of the court at that time. See page 1.

nated in the subpœna and order of publication as infant defendants, and they were alleged to be greatly scattered over the State and in the Western States. It does not appear from the record that any guardians *ad litem* were appointed; no answers were filed to the bill, and it was taken for confessed. The court, on the 4th day of October, 1860, ordered a sale of the land, which was made in December, 1860. The proceedings of the November term, 1865, show that the sale was then reported, from which it appears that one James L. Campbell, being the highest bidder, became the purchaser, at the price of 37 dollars per acre. The report does not seem to have been acted on at this term. At the December term, 1865—which was a special term—the court confirmed the report of sale, at the instance of the purchaser, and ordered a deed to be made to him. This latter decree also referred the cause to a master to report the amount of money in the hands of the commissioner who made the sale, for distribution.

In March, 1866, Andrew McDonald, Angelina McDonald, and Benjamin Walker, who were designated as infant defendants in the subpœna and order of publication, and who had since become of age, filed their petition in the circuit court, asking that the decrees heretofore had in the cause be set aside, because the decree of sale was had before the cause was properly matured against the adult defendants, and many [naming them] of those who ought to have been defendants and who were infants at the institution of the suit and the date of the decree; and because no guardians *ad litem* had been appointed for the infant defendants; and because the land was sold at an inadequate price, and for several other reasons which it is perhaps unnecessary to state here, as this court did not consider them.

The order of publication against the absent defendants in the original suit, was taken out at the June rules, 1860, and the certificate of its publication and posting is dated September 15th, 1860, and the decree of sale was had on the 4th of October following—less than one month after the due execution of the order.

Several depositions were taken to prove the allegations of the petition. The court, on the 6th of December, 1867, dismissed the petition.

The petitioners appealed to this court, alleging that there was error, as follows:

"1st. In the decree of the 4th of October, 1860, as the cause was not then matured for a decree against the adult defendants, and no guardians *ad litem* had been appointed for the infant defendants.

"2d. In the decree of the 13th of December, 1865, as the said decree was rendered at a *special term* of the circuit court, having no rightful jurisdiction over the case.

"3d. In the decree of the 6th of December, 1867, in dismissing the petition for rehearing."

The cause of *McDonald et al.* vs. *Campbell,* heard with this cause, was upon an injunction obtained by Campbell, the purchaser of the land, against the petitioners, to restrain them from prosecuting their petition, and was obtained in April, 1867. It alleged, among other things, that the records and chancery order book containing the proceedings in the cause of *McDonald* vs. *McDonald et al.,* were lost during the late rebellion, and that if they could be found that they would disclose the fact that guardians *ad litem* had been appointed, and that all the proper parties were before the court; but there was no proof to sustain the allegation.

The injunction was perpetuated by the court below, at the same time the petition was dismissed in the other case. The petitioners appealed from the order perpetuating the injunction.

*Charles J. Faulkner* for the appellants.
*Stanton & Allison* for the appellees.

BROWN, President, delivered the opinion of the court.

There is error in the decree of the 4th of October, 1860:

1st. Because the period of one month allowed by law for the defendants to appear, after the execution of the order of publication, had not expired before the first day of the

September term of the court at which that decree was rendered. *Higginbotham* vs. *Rohrbough*, 3 W. Va., 266.

2d. Because it is against infants without a guardian *ad litem*, and it cannot be presumed that any such guardian was appointed, in the absence of proof that the records were lost or destroyed.

The objection to the decree of the 13th of December, 1865, as being without authority because rendered at a special term of the court, instead of a regular term, is not well taken, because by the statute,—Code of Virginia, 1860, chapter 158, section 33,—any civil cause might be tried which could lawfully have been, but was not tried at the last preceding (regular) term, that was or should have been held. The regular term that should have been held on the 16th of October, 1865, would have had the right to have tried the cause and confirmed the said sale; and the statute is, that the special term may do that which might have been lawfully done, but was not done, at the preceding regular term.

There was error in the decree of the 6th of December, 1867, in dismissing the petition to open and rehear both of said preceding decrees.

Because of the error in those decrees as above stated, the said decrees, therefore, of October 4th, 1860, of December 13th, 1865, and of December 6th, 1867, will have to be reversed, with costs to the appellants, and the cause remanded for further proceedings to be had therein, in the court below.

This case—*McDonald et al.* vs. *Campbell*,—was dependent on the case of *McDonald and others* vs. *George McDonald*, was heard in connection with that case, and must stand or fall with it. That having been reversed, this must be also, with costs to the appellants, the injunction dissolved, and the bill dismissed.

DECREES REVERSED.