598    VINSON v. NORFOLK & W. R'Y CO.

## CHARLESTON.

### VINSON et al. v. NORFOLK & W. R'Y CO.

Submitted January 13, 1893.—Decided February 1, 1893

1. AFFIDAVIT—PLEADINGS.
    An affidavit filed by plaintiff under section 46, c. 125, of the Code in an action on contract, which does not comply with the requirements of that section, will not exclude a plea, though the plea be not accompanied by an affidavit of the defendant, as required by that section.

2. AFFIDAVIT—PLEADINGS.
    Instance of such defective affidavit.

3. AFFIDAVIT—PLEADINGS.
    An affidavit filed in a case as part of its record should be entitled of the cause. or plainly show in some manner that it pertains to the cause.

CAMPBELL & HOLT for plaintiff in error.

VINSON & McDONALD for defendants in error cited 1 Am. & Eng. Ency. L. 314; Id. 310 : 5 W. Va. 22; 7 W. Va. 701.

BRANNON, JUDGE :

Writ of error taken by the Norfolk & Western Railroad Company to a judgment in the Circuit Court of Wayne county against it in favor of Vinson & McDonald.

The plaintiffs brought an action of *assumpsit*, and the defendant tendered a plea of *non assumpsit*, to which the plaintiffs objected, on the ground that they had filed with their declaration an affidavit as to the amount due from the defendant, as provided by section 46, c. 125, Code, and

that the plea tendered was not accompanied by the affidavit required in such case of the defendant by said section. The plea was refused and judgment rendered.

The defendant contends that the affidavit made by the plaintiffs is not a sufficient affidavit under the law, and constituted no bar to its plea without an affidavit and did not call upon it for an affidavit.

The affidavit filed by the plaintiffs reads as follows:

"State of West Virginia, county of Cabell, to wit:

"Before me personally appeared Z. T. Vinson, who, being by me first duly sworn, says that he is a member of the firm of Vinson & McDonald, the owners of the foregoing account; that said account is for professional services rendered, and necessary expenses paid; that the same is just, due, and unpaid, and that there is now due said Vinson & McDonald, including interest to the first day of April, 1892, the sum of four hundred and twenty one dollars and sixty two cents

"Z. T. VINSON.

"Taken, sworn to, and subscribed before me, this 4th day of April, 1892.

"JULIUS FISCHBACH, Notary Public."

The defendant has the clear right, at common-law, upon the highest principles of justice, to make defence; and this defendant had the right to file this plea, unless debarred by said statute; and, as it is in derogation of an important common-law right, I think a fairly full compliance with it ought to be required. The section provides that, "if the plaintiff files with his declaration an affidavit stating that there is, as he verily believes, due and unpaid from the defendant to him, upon the demand or demands stated in the declaration, including principal and interest, after deducting all payments, credits, and set-offs made by the defendant, and to which he is entitled, a sum certain, to be named in the affidavit, no plea shall be filed in the case, either at rules or in court, unless the defendant shall file with his plea his affidavit that there is not, as he verily believes, any sum due from him to the plaintiff," *etc.*

The declaration in the case before us contains only the common counts in *indebitatus assumpsit*, specifying a demand

of five hundred dollars. An account is found in the papers itemizing certain services as attorneys, and expenses paid, showing a balance of four hundred and twenty one dollars and sixty two cents; but it has no earmark identifying it with the case, by a clerk's indorsement, or by being entitled of the case; simply an account in favor of Vinson & McDonald, debiting the Norfolk & Western Railroad Company.

The affidavit does not state that there is a certain sum due on the demand in the declaration stated, as the Code requires. It does say that the account is just, and that a balance is due thereon; but the account does not identify itself with the declaration, nor even with the action, and so the statement is not tantamount to a statement that so much is due on the demand stated in the declaration.

But, in my opinion, a still more serious defect is that it entirely omits to say that a certain balance is due "after deducting all payments, credits, and set-offs made by the defendant, and to which he is entitled;" and it does not contain words to the same effect. True, it may be said that as the affidavit states that the account is just, due, and unpaid, and that a particular sum is due, it virtually excludes credits, payments, and set-offs, and we may say it does by implication; but to this I reply that the words of the statute make the affiant say both that affiant verily believes a certain sum is due and unpaid, and that it remains after deducting such payments, credits, and set-offs. Can we disregard and dispense with these words of the statute? Must we not have them, or equivalent words? Why did the legislature insert them? The legislature did not intend to allow a plaintiff to make the very general statement that a certain sum is due and unpaid, but intended to probe his conscience particularly as to payments, credits, and sets-off.

Doubtless, where one party owes another, by note, for instance, the latter may truthfully make the general statement that the whole of it is due and unpaid, though the defendant has large set-offs against it, as set-offs come from a separate demand. But, as the affidavit, in case of default of the defendant to appear is the basis of a judgment, the legislature has seen fit to compel the plaintiff, if he asks

judgment by default, to exclude such sets-off; to take judgment for the real balance, excluding payments, credits, and sets-off. I do not think the affidavit complied with the statute, so as to exclude the plea, and it ought to have been received. I suppose an affidavit filed under said section would be a part of the record, and therefore it ought to be entitled of the cause, as a paper in the cause, so as to identify it as part of the cause. Its connection therewith ought to appear. So should an account of items filed with a declaration. There is no reason for looseness in such matters. There must be reasonable certainty in such matters. In *Watson* v. *Reissig*, 24 Ill. 281, it was held: "An affidavit can not be used in a cause unless properly entitled; and the title should be of the cause in which it is to be used." Same in *Beebe* v. *Morrell*, 76 Mich. 114 (42 N. W. Rep. 1119) and 1 Am. & Eng. Enc. Law, 310. In the latter case it is held that the test whether an affidavit is properly entitled is whether perjury could be assigned upon it.

Therefore the judgment is reversed, the plea is allowed to be filed, and the case is remanded for further proceedings according to law.

REVERSED.   REMANDED.