# CHARLESTON.

ANDERSON *v.* DOOLITTLE *et al.*

Submitted September 9, 1893.—Decided December 9, 1893.

1 MISTAKES—CLERK OF COURT—WRIT OF ENQUIRY.

Where the clerk improperly enters an order for a writ of inquiry in an action for debt at rules, the court may correct the mistake or disregard the same and enter judgment as though no such order had been entered.

2. VARIANCE—ABATEMENT—JUDGMENT.

An amendable variance between the writ and declaration can only be taken advantage of by plea in abatement, and not on motion to correct the judgment after it has become final.

3. JUDGMENT—PRESUMPTION—ERROR—RECORD.

  A judgment will be presumed to be right, unless error affirmatively appears on the face of the record.

4. JUDGMENT—RECORD.

  It is not necessary to make the facts proven, nor the evidence, a part of the record, in case of a judgment by default.

5. JUDGMENT—RECORD—EVIDENCE.

  If any part of the evidence is referred to in the preamble to the judgment, this, of itself, is insufficient to preclude the fact that other evidence might have been heard by the court, unless it affirmatively appear from the record that this was all the evidence heard by the court.

J. B. LAIDLEY and E. S. DOOLITTLE for plaintiffs in error cited Code (1868) c. 125, s. 46; 37 W. Va. 598; Code (1891) c. 125, s. 46; 4 Rand. 152; Id. 413; 3 Leigh 270; 6 Rand. 102; 4 Min. Inst. 850, 854; 5 Gratt. 137; 1 Rand. 25, 37; 12 Gratt. 53; 23 W. Va. 483.

GUNN & SWITZER for defendant in error cited Code, c. 124, s. 2; Id. c. 125, s. 15, 29; Id. c. 134, s. 5; 4 Min. Inst. 648.

DENT, JUDGE:

On the 9th day of May, 1892, E. S. Doolittle, F. L Doolittle, and C. Molter, after notice given moved the Judge of the Circuit Court of Cabell county to set aside a judgment by default rendered by said court in favor of Joseph Anderson and against them for the sum of six hundred and thirty six dollars and twenty seven cents and costs, in a certain action of debt in said court pending. The judge entered a vacation order overruling said motion, and the defendants in said action obtained a writ of error and rely on the following assignment of error:

"(1) The writ of inquiry awarded at March rules, 1892, in said action, was never executed in the manner required by law.

"(2) There is a variance between the writ and the declaration. The declaration demands two distinct debts, for which judgment was rendered, while the writ demands one only.

"(3) The plaintiff did not file with his declaration, or in

open court, and before the entry of the judgment, the affidavit prescribed in such cases by section 46 of chapter 125 of the Code of West Virginia, nor did he prove his case in open court. Therefore, the circuit court had no jurisdiction to render the judgment entered in said action on the 24th day of March, 1892."

The first assignment is a mere clerical error. Section 45, c. 125, provides that "there need be no such inquiry in an action of debt;" and section 60 of the same chapter provides that "the court shall have control over all proceedings in the office during the preceding vacation. It may reinstate any cause discontinued during such vacation, set aside any of the proceedings or correct any mistake therein and make such order concerning same as may be just." In this case entering up the judgment in court, and disregarding the writ of inquiry was a sufficient correction of the mistake.

As to the second assignment of error, the defendants are barred from relying upon it by section 15, c. 125, of the Code, which provides: "In other cases, the defendant on whom the process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration unless the same be pleaded in abatement. And in every such case the court may permit the plaintiff to amend the writ or declaration so as to correct the variance and permit the return to be amended upon such terms as to it shall seem just."

The court, after judgment by default on a motion to correct, will only look to see if the defendants have been been properly served with summons, and, if so, it will not look to the writ to see whether there is any variance between it and the declaration, except to see whether it is such a variance as might have been the subject of amendment if a plea in abatement therefor had been filed in proper time, because it is too late to take advantage of such variance, and the defendants, by their silence, have forever precluded themselves from doing so. To hold otherwise would allow pleas in abatement to be filed after a final judgment. *Beckwith* v. *Mollohan*, 2 W. Va. 477;

*Hinton* v. *Ballard,* 3 W. Va. 582; *Roderick* v. *Railroad Co.,* 7 W. Va. 54.

The third assignment is founded on the claim that plaintiff did not "prove his case in open court," as required in section 46, c. 125, of the Code. The defendants insist that the judgment of the court must show, that this was done, and that the present judgment on its face negatives the fact of any proof having been introduced other than the note.

All that is required of the plaintiff is to show to the court sufficient evidence to satisfy it that he is entitled to judgment. It is not necessary to set out such evidence in the judgment or even to mention it, as it will be presumed that the case was properly proven, unless the contrary appears. The only reference to any evidence is that the judgment recites: "It further appearing to the court from the note sued on in this cause that there is now due from the defendants, E. S. and F. L. Doolittle and C. Molter, to the plaintiff, the sum of six hundred and thirty six dollars and twenty seven cents; including principal and interest to date." Then follows the judgment. This recital is not sufficient to negative the fact that there may have been other evidence before the court, and it only seems to have been made to fix the amount for which the judgment should should be rendered. Neither did the defendants in their motion to set aside and correct the judgment ask the judge to certify that this note was all the evidence before him, when the judgment was rendered. The notice or protest does appear to have been before the court, both by the defendants' bill of exceptions and the first judgment rendered and set aside, and yet is omitted from the printed record. Section 8, c. 99, of the Code, makes the notice of protest *prima facie* evidence of all that is therein contained. Hence, taken together with the note, it sufficiently proves plaintiff's case, in the absence of any plea denying it.

Nor was plaintiff called upon to prove, negatively, that the defendants had no proper offsets and counterclaims or other defences to the note sued on. The defendants were summoned, and, if they had any such, they should have

presented them, and the fact that they did not do so presumptively establishes the nonexistence of any such defences.

The object of the affidavit required by section 46, c. 125, of the Code, was to prove plaintiff's case, and at the same time prevent defendant pleading that he had any credit, payments, or set-offs, unless he made a counteraffidavit; and therefore in making such affidavit, it is necessary to strictly follow the language and requirements of the statute. But, when no such affidavit is filed or relied on, the proof need only be in accordance with the rules of the common law. *Vinson* v. *Railway Co.*, 37 W. Va. 598 (16 S. E. Rep. 802).

In the case of *Ramsburg* v. *Erb*, 16 W. Va. 777, the court holds: "Where the judgment of and action of the court below is definite, and intelligibly presented in the record, and does not appear from the record to be wrong, it is presumed to be right."

This judgment fully complies with this rule, and should be and is affirmed, with damages and costs, according to law.