# CHARLESTON

LYNCH *v.* WEST *et al.*

| 63 | 571 |
| d66 | 304 |

Submitted February 4, 1904.      Decided February 18, 1908.

1. PROCESS—*Service—Presumption*.

The presumption in favor of an officer to whom a writ is directed that he served the same within his county can not be indulged in favor of a private individual serving process.   (pp. 575, 576.)

2. SAME—*Return*.

When process is served by a private individual, under section 2, chapter 124, Code, his return must, in addition to showing the *manner* and *time*, also show the *place* of service.   (p. 576.)

3. JUDGMENT—*Default—Vacating*.

When the return of process by an individual is thus defective, and there is judgment by default based thereon, such judgment may be vacated and annulled upon motion, either under section 1 or section 5, chapter 134, Code.   (p. 577.)

4. SAME.

Where there has been a judgment by default upon such void process, the statute relating to pleas in abatement will not be applied so as to deny to the defendant the remedy provided by sections 1 and 5 of said chapter 134 for correcting or reversing said judgments. (p. 577.)

Error to Circuit Court, Roane County.

Action by V. S. Lynch against E. H. West and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

G. F. CUNNINGHAM, PENDLETON & BOGGESS, and THOS. P. RYAN, for plaintiff in error.

W. O. PARSONS and LINN, BYRNE & LINN, for defendants in error.

MILLER, JUDGE:

West and Short sued Lynch in *assumpsit* in the circuit court of Roane county, the writ and declaration laying the damages at $2500. The writ was tested November 28, 1905, returnable to the first Monday in December following, and was directed to the sheriff of Roane county. Lynch, the defendant, did not reside in Roane county, but in Upshur

county, jurisdiction in Roane county being founded on the fact that the cause of action arose there. The defendant was not found in Roane county or served with process there; but the writ commencing the suit was placed in the hands of E. W. McKown, a resident of Roane and a party to the contract sued on, and carried by him into Upshur, and served upon Lynch there December 4, 1905. On his return to Roane county, McKown made the following return:

"State of West Virginia, Roane county, towit: E. W. McKown, being duly sworn, says that he executed the within summons on the 4th day of December, 1905, on the within named V. S. Lynch, by delivering to him in person an office copy thereof. E. W. McKown. Sworn to and subscribed before me this 5th day of December, 1905. J. M. Harper, Notary Public, Roane county, West Virginia."

The defendant made no appearance; and, after declaration filed and the usual proceedings had at rules, judment by default was pronounced January 4, 1906, as follows: "This day came the plaintiffs by their attorneys, and the defendant, though thrice solemnly called, came not to require a jury, and the plaintiff requiring none the court is substituted in place of a jury to assess the plaintiffs' damages and having heard the evidence the court doth ascertain the plaintiffs damages to be the sum of $966.87. It is therefore considered by the court that the plaintiffs, E. H. West and W. H. Short, do recover of the defendant, V. S. Lynch, the said sum of $966.87, the damages as assessed by the court as aforesaid, with interest thereon from this date until paid, and their costs by them in this behalf expended, including a statute fee of $10.00."

The present writ of error is brought by West and Short to review the judgment of the circuit court pronounced January 7, 1907, vacating and setting aside said judgment of January 4, 1906, on motion of Lynch. This motion is based on the provisions of sections 1 and 5, chapter 134, Code, the first providing that, "for any clerical error or error in fact for which a judgment or a decree may be reversed or corrected on writ of error *coram nobis*, the same may be reversed or corrected, on motion after reasonable notice, by the court or by the judge thereof in vacation;" the fifth providing that "the court in which there is a judgment by default or a decree on bill taken for confessed, or the judge of said court in the

vacation thereof, may, on motion, reverse such judgment or
decree for any error for which an appellate court might re-
verse it  *  *  *  *  , and give such judgment or decree
as ought to be given.  *  *  *  *  Every motion under this
chapter shall be after reasonable notice to the opposite party,
his agent, or attorney in fact or at law, and shall be within
five years from the date of the judgment or decree." The
grounds of the motion were substantially, first, that Lynch
at the time of the institution of said suit against him was, and
thereafter continued to be, a resident of Upshur county; and,
second that he was not otherwise served with process except by
said E. W. McKown in Upshur county; wherefore, said circuit
court acquired no jurisdiction to render personal judgment
against him. To this motion West and Short appeared,
and their motion to quash the same and notice thereof, and
their demurrer thereto, was overruled.

Personal jurisdiction to pronounce said original judgment
is founded solely on the service of process by McKown. Sec-
tion 2, chapter 123, Code, provides that "an action may be
brought in any county wherein the cause of action or any
part thereof arose, although none of the defendants may
reside therein." Section 2, chapter 124, Code, provides that
"process from any court, whether original, *mesne* or final,
may be directed to the sheriff of any county, except that pro-
cess against a defendant to answer in any action brought
under the second section of chapter 123 of the Code shall not
be directed to an officer of any other county than that wherein
the action is brought.  *  *  *  *  *Process to commence suits
*  *  *  *  may also be served by any credible person; and
the return of such person, verified by his affidavit, shall be
evidence of the manner and time of service.*"

It is argued here for plaintiffs in error that the return of
service by McKown, verified by him, strictly conforms to
the above requirements as to service of process by "any
credible person," the law presuming him to be of the class of
persons designated; that, his return being by the statute
made evidence of the "manner and time of service," the law
will also presume, as where an officer makes the service,
that it was done in the county to whose officer the writ is
required by the statute to be directed—in the present case
in the county in which the action is required to be brought—

and therefore the verity of his return, as in case of a return by the officer, can only be impeached by plea in abatement. On the other hand, it is contended for Lynch, in support of the judgment on said motion, that said return is void on its face, because it does not show the place of service, which if disclosed would show want of jurisdiction in the court to pronounce the original judgment, nothing being presumable in favor of the verity of the individual service as to any fact not shown on its face.

Thus in this case we are face to face with the proposition made the subject of a query in *Association* v. *Spies,* 61 W. Va. 19, viz: "When a process is served by an individual is it necessary for the affidavit or return showing the time and manner of service to also show the place of service?" After the appeal in that case the defect in the return was cured by amendment in the circuit court, the proceedings relating to such amendment being shown to this Court by supplemental record, and the point was therefore not decided; but the conclusion we have reached in this case was foreshadowed by what the Court said on the subject then: "The process was served by an individual, and an affidavit was made as to the manner and time of service, but it failed to show where it was served. A personal decree was rendered against the defendants; hence the necessity of personal service. Where was this process served? Was it within the jurisdiction of the court? It does not show this expressly, and as it does not, where do we get the information? The process was directed to the sheriff of Monroe county, and this being so, is there a presumption that it was served in this state? If not, the service would not be good. There would necessarily have to be such presumption to sustain it. Where a process is served by an officer, whose duty it is to do so, it is not necessary for the return to show that it was served in his bailiwick. An officer is presumed to have discharged his duty and not to have exceeded his powers. We can not presume that when a process is delivered to an officer to be served that he will do an unlawful act by serving it outside of his county, but it is presumed that he did not do so."

No one would contend for a moment that, in a case like this, where by section 2, chapter 124, Code, process could only be directed to the sheriff of the county in which the

action was brought, and could only be executed by him there, so as to give jurisdiction, the same process could be carried by an individual outside of the county and served by him on a nonresident defendant, so as to give jurisdiction which the court would not otherwise have. It is a general rule that the writ and return must show jurisdiction. Jurisdiction in the present case could only be acquired by service of process on the defendant in the county where suit was brought. Where the writ is served by the sheriff, the court may legally presume service on the defendant in the county to whose officer it is directed. That fact is presumed, in addition to what the law requires the return to show with respect to the "manner and time of service." The presumption in favor of the officer as to the place of service is so because, in the first place, he is a sworn officer, and, in the next place, the mandate of section 8, chapter 125, Code, requires the officer who knows the defendant does not reside in his county, if he does not find him therein before the return day, to return him a nonresident; "whereupon, if the court from which such process issued have jurisdiction of the case only on the ground of such defendant's residence in such county, the action or suit shall abate as to him."

But no such presumption can be indulged in favor of an individual. *Simms* v. *Simms*, 88 Ky. 642; *Sheldon* v. *Wright*, 7 Barb. 39. It is rather to be presumed that the process may be served by him anywhere. While his affidavit is made evidence of the "manner and time of service," this is the limit of its evidential character; and, if it fails to disclose the place of service, it is insufficient *prima facie* to give jurisdiction. Indeed it has been held by this Court, in *Peck* v. *Chambers*, 44 W. Va. 270, that a return thus made by a private person is not conclusive (as where an officer makes the return: *Stewart* v. *Stewart*, 27 W. Va. 167,) and may be shown to be false by direct attack, and the facts therein stated controverted by evidence. In that case it was held that the credibility of the person serving the writ might be thus questioned, as successfully there done upon mere motion of the court.

We construe our statute, section 2, chapter 124, to mean that where an individual executes process his return, in addition to the manner and time of service, must show the place

of service. We are supported in this conclusion by decisions in other states—with various and varying rules and statutes on the subject it is true, the principle, however, on which they are based being the same. *Calderwood* v. *Brooks*, 28 Cal. 151; *Reinhart* v. *Lugo*, 86 Cal. 395; *Linott* v. *Rowland*, 119 Cal. 452; *Alverson* v. *Dennison*, 40 Mich. 179; *Sayles* v. *Davis*, 20 Wis. 318. Unless this construction be adopted, a citizen may be dragged from one end of the state to the other, by false or improper return of the individual serving process, and the provisions of the law designed to protect him in his person and property defeated, with no right of action for false return against the server of process, as he would have if an officer had executed the writ.

Having concluded that the return is insufficient on its face to give jurisdiction, it follows that the circuit court had jurisdiction of the motion, under the fifth section of chapter 134 of the Code. ·But, if this were not so, we think the court would have jurisdiction thereof under the first section of that chapter, which, as we have seen, gives jurisdiction to correct any error in fact for which a judgment might be reversed or corrected on writ of error *coram nobis*. This ancient writ it seems was available to correct defects in the process or execution thereof. *Richardson* v. *Jones*, 12 Grat. 53, 55. And JUDGE BRANNON, in *Withrow* v. *Smithson*, 37 W: Va. 757, 758, says: "If at the date of the judgment there exist a fact which, had it been introduced in to the record, ought to have prevented the judgment, but was not introduced, it is a case of error in fact, to be corrected by writ of error *coram nobis*, or by such motion." *Peck* v. *Chambers*, *supra;* *Higginbotham* v. *Haselden & Rohrbough*, 3 W. Va. 266, 273; *Campbell* v. *Hughes*, 12 W. Va. 183, 211; *Carlon* v. *Ruffner*, 12 W. Va. 297; *Amiss* v. *McGinnis*, 12 W. Va. 371, 373; *Anderson* v. *Doolittle*, 38 W. Va. 629; *Goolsby* v. *Strother*, 21 Grat. 107.

But it is argued that any defect in the execution of the writ could only be taken advantage of by plea in abatement, the declaration showing on its face proper matter for the jurisdiction of the court, inasmuch as section 15, chapter 125, Code, provides that "the defendant on ˙ whom the process summoning him to answer *appears to have been served* shall not take advantage of any defect in the writ or return   *   *,

unless the same be pleaded in abatement." One answer to this proposition is, as we have already held, that the return made does not make it appear that the defendant *was* served; for unless served in the county where the writ issued, which is not to be presumed where an individual serves the writ, the effect is the same as if no writ had been served. The provisions of the statute referred to relate to cases where defendants have appeared to make defense, in which case the statute becomes applicable. Appearance would cure defective service or no service. But where there has been no appearance and judgment by default the statute relating to pleas in abatement will not deny to a defendant his right by motion, under sections 1 and 5, chapter 134, Code, to correct or reverse the judgment for error of fact in the execution of process, or errors apparent in the execution thereof. In such a case the statute relating to pleas in abatement has no application. *Warren* v. *Saunders*, 27 Grat. 259, 269; *Peck* v. *Chambers*, *supra*. In *Anderson* v. *Doolittle*, *supra*, JUDGE DENT concedes that on motion, after judgment by default, the court may look to see if the defendant has been properly served with summons. That is what the court did in the case at bar. Concluding that the summons was not properly served, it properly vacated the judgment based thereon.

The reasons above given support the judgment of the circuit court, and we therefore affirm it.

*Affirmed.*

BRANNON, JUDGE:

If the opinion is to be construed as holding that where the defendant has been actually served with process, and there has been judgment by default, the defendant may set it aside merely for defective service, I do not agree to that proposition. He should have pleaded in abatement. *Barksdale* v. *Neal*, 16 Grat. 314; *Layne* v. *Railroad*, 35 W. Va. 438; *Hinton* v. *Ballard*, 3 *Id.* 582; Code, chapter 125, section 15. I agree to the judgment because it does not appear, in the eye of the law, that Lynch was served with process. The return seems void.