Buonomo, Plaintiff and Appellant, *v.* Succession of Juncos, Defendant and Appellee.

### Appeal from the District Court of Humacao in an Action of Ejectment.

No. 2003.—Decided April 29, 1920.

Jurisdiction—Summons—Return—Judgment—Execution.—When the return of a summons served by a person other than the marshal does not show that such person was more than eighteen years old at the time and had no interest in the suit, the court does not acquire jurisdiction over the person said to have been summoned, and a judgment entered on the basis of such summons and a sale made in execution of such judgment are null and void.

Id.—Id.—Id.—Amendment.—The return of a summons may be amended by leave of the court after judgment in order to supply *nunc pro tunc* the inadvertent omission that the server was more than eighteen years of age when he made the service.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Messrs. A. Sarmiento* and *J. Vendrell* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Humacao dismissing the complaint in an action of ejectment brought by Daniel Buonomo against the Succession of Manuel Juncos Solís, composed of his natural daughters Perfecta and Engracia.

In the complaint it was alleged that the plaintiff was the owner of the two rural properties described, and that the defendants held possession of the properties without any right or title.

The defendants filed an answer and a counterclaim, alleging that they were in lawful possession of the properties because their ancestor had acquired them at a forced sale and by a public deed of July 12, 1910, and that the plaintiff's

title was void because it was the result of a fraudulent conspiracy.

Plaintiff Buonomo answered the counter-complaint, alleging that inasmuch as the court that ordered the sale referred to in the counter-complaint did not have jurisdiction over the defendants, the succession of Juan Juncos Solís composed of his widow Laura López and his children, the title asserted in the counter-complaint has no validity.

The case went to trial and the plaintiff proved that he had a purchase title to the said properties recorded in the registry of property; that the properties were sold to him by Laura López, whose title, also recorded in the registry, arose from the allotment made to her in the partition of the estate of her husband, Juan Juncos Solís.

The defendants introduced evidence showing that Manuel Juncos Solís, their ancestor, brought an action of debt in the Municipal Court of Caguas against the succession of Juan Juncos Solís, composed of his widow and children, in which judgment was given for the plaintiff, and that in execution of the said judgment the properties involved in this action were sold at public auction to the plaintiff, who was the only bidder, and a deed of such sale was executed in his favor on July 12, 1910. The defendants also proved that the allotment of the same properties to Laura López in the partition of the estate of her husband, Juan Juncos Solís, was made on April 12, 1916; that the sale by Laura López to plaintiff Buonomo was made six days thereafter; that Buonomo and Laura López are brother and sister, and that before the allotment and sale referred to both knew of the forced sale made to Manuel Juncos Solís and also knew that first Manuel Juncos Solís and thereafter his heirs had been and are in the physical possession of the properties since the year 1910.

Therefore the plaintiff proved a *prima facie* title to the properties sued for. The defendants also showed another

title to the ownership of the same properties. The title of the defendants has been attacked by the plaintiff as void. That of the plaintiff has been attacked by the defendants as fraudulent. The title of the plaintiff is recorded in the registry. The title of the defendants is not.

The record of the action in which the title of the defendants originated was put in evidence and only if it shows on its face that the court had no jurisdiction, as alleged, can the plaintiff's contention be sustained. Let us examine the said record.

The summons reads as follows:

"In the Municipal Court for the Municipal Judicial District of Caguas, Porto Rico.—United States of America.—The President of the United States. SS.—Manuel Juncos Solís, plaintiff, against Juan Juncos Solís, now his succession, defendant.—Summons.—The People of Porto Rico to Laura López, widow of Juan Juncos Solís, and to her children Manuel, Eloy, Josefa, Juana and Mercedes Juncos López, minors, the defendants above mentioned. You are hereby notified that there has been filed in the Clerk's office of the Municipal Court of Caguas, of the Municipal Judicial District of Caguas, Porto Rico, a complaint of the above-mentioned plaintiff wherein it is prayed that the said plaintiff recover from the defendants the sum of five hundred dollars which the former advanced to Juan Juncos Solis as a loan, without interest, and also the costs of this action.

"And you are hereby notified that unless you appear and answer the said complaint within ten days after notice, if service is made within the district, or within twenty days if made out of the district but in the Island of Porto Rico, and within forty days if served elsewhere, the plaintiff may obtain judgment in accordance with the prayer of the complaint, a copy of which is attached hereto.—Given under my hand in Caguas, Porto Rico, this 17th day of November, 1905. Hermógenes Alvarez, Clerk."

The plaintiff-appellant contends that this summons is null and void because it is issued in an action of debt and does not comply with the requirement of section 89 of the Code of Civil Procedure by giving notice that unless the defendants so appear and answer "the plaintiff will take judgment for the sum demanded in the complaint (stating it)."

And he cites the case of *Freiría & Co., Ltd.,* v. *R. Félix, Hermanos & Co.,* 20 P. R. R. 148.

We agree that the summons is defective, but, applying the reasoning in the *Freiría Case,* we must conclude that it is not so defective as entirely to deprive the court of jurisdiction and to render the summons itself and all the proceedings had thereafter absolutely null and void. See *López* v. *Meléndez,* 22 P. R. R. 145.

But the appellant also contends that even if the summons were not void the court had no jurisdiction because the return of the summons was fatally defective, 1st, because it does not show that Ramón Rivera Oquendo, at the time of making the service, was more than eighteen years old and was not a party to the action, 2nd, because it is not shown that copies of the summons were delivered to each of the defendants and to the mother of the defendants under fourteen years of age, 3rd, because the place where service was made is not stated, 4th, because the return was not duly authenticated.

The return reads as follows:

"In the Municipal Court for the Municipal Judicial District of Caguas.—Manuel Juncos Solís v. Juan Juncos Solís, now his succession.—Action of debt.—Affidavit.—I, Ramón Rivera Oquendo, of age and a resident of this municipality, do solemnly swear that on this day I presented myself in the domicile of the succession of Juan Juncos Solís, the members whereof are Laura López, widow, and their children Manuel, Eloy, Josefa, Juan and Mercedes Juncos López, and notified them all of the complaint filed by the plaintiff, leaving with them a copy thereof and of the summons. All being duly informed of the contents of this document, the widow signed it for herself and on behalf of her minor children. Caguas, November 18, 1905.—(Signed) Laura López, Ramón Rivera.—Sworn to and subscribed before me on December 9, 1905.—José Molina, Justice of the Peace."

We have carefully considered the questions raised. Courts generally incline in cases of this kind to sustain the validity of the judgment attacked. Reasons might be found

perhaps for disputing the existence of the errors assigned as numbers 2, 3 and 4, but the error assigned under number 1 is so patent and jurisprudence on the matter is so positive that by reason of that error we are compelled to agree with the plaintiff that the title of the defendants is void because it does not appear that the court that entered the judgment which is the basis of the said title acquired jurisdiction over the persons of the defendants in the suit.

In the case of *Andino* v. *Knight,* 20 P. R. R. 185, citing the jurisprudence on which the decision was based, this court said:

"In order to be considered valid the return on a summons must show *per se* that all the requisites have been complied with (*Linnot* v. *Rowland,* 119 Cal., 452, 51 Pac., 687; *People* v. *Bernard,* 43 Cal., 385); and when the service is made by any other person than the marshal, the return must show that he was over 18 years of age at the time of making the service (*Maynard* v. *McCrellish,* 57 Cal., 355; *Howard* v. *Galloway,* 60 Cal., 11; *Doerfler* v. *Schmidt,* 64 Cal., 265; *Lyons* v. *Cunningham,* 66 Cal., 42; *Barney* v. *Vigoureaux,* 75 Cal., 376; *Horton* v. *Gallardo,* 88 Cal., 581), as well as the place where the service was made. *Lynch* v. *West,* 63 W. Va., 571, 60 S. E., 606.

"The return should contain also the sworn statement that the person making the service is not a party to the action, this being one of the requirements of law when a person other than the marshal serves the summons. Therefore, when, as in the present case, the said requirements have not been complied with, it is not shown by the return on the summons that the secretary is empowered to enter the default, or that the court acquires jurisdiction over the defendant. *Barney* v. *Vigoureaux* and *Horton* v. *Gallardo, supra.*"

In the case now before us the process server did not swear or show in any other lawful manner that he was of the age required by law for making the service and that he was not a party to the action.

Furthermore, this question having been raised and the defendants having had an opportunity to prove that the process server was of the age required by law, they did not do so; therefore the jurisprudence established in the case of

*Quintana et al.* v. *Aponte,* 26 P. R. R. 169, is applicable.   The syllabus is as follows:

"When, as in the present case, the return of the service of a summons made by a private person does not state that such person was over eighteen years of age and it is not sought to amend the return *nunc pro tunc* in order to supply the omission, nor contended in any of the proceedings opposing the objection to the summons that the process server was really over eighteen years of age, it cannot be held that the court acquired jurisdiction over the person of the defendant."

For these reasons, and the time necessary for acquisition by prescription not having elapsed, it must be concluded that the defendants are in possession of the lands claimed by the plaintiff without a valid title and without a lawful right.

The appellant maintains in his brief that the judgment of the municipal court was void for other reasons.   Having reached the foregoing conclusion, it is unnecessary to consider the other questions raised.

Let us now examine the question of fraud raised by the defendants.   The facts that. Buonomo was the brother of the vendor, Laura López; that the partition of the estate of her husband was made undoubtedly for the sole purpose of including the properties therein, and that both Laura López and Buonomo knew of the action brought by the ancestor of the defendants and of the judgment and sale made thereunder, do not prejudice Buonomo's right nor void the transaction as fraudulent.   There is no doubt that both Laura López and Buonomo were aware of the existing fundamental defect and took advantage of it, but this of itself does not amount to fraud in law.

Abstracting the case, we will say that it is evident that the oldest title to the ownership of the properties proved in the action is that of Juan Juncos Solís.   Upon his death it passed to his heirs.   His heirs were sued and judgment was entered against them, but it not appearing that the

court acted with jurisdiction, notwithstanding the prosecution of the action and the possession of the lands by the defendants, the potentiality of the rights of the heirs remained unimpaired. When the heirs seemingly became conscious of this they divided the properties left by their ancestor, including among them the properties in suit and allotting them to the widow, Laura López, who sold them to her brother, the plaintiff. The vendee recorded his title in the registry and, thus prepared, brought this action, praying for the acknowledgment of his right as against the possession and possible title of the defendants. The issue was joined and the district court decided it against the plaintiff. He appealed to this court and we have been forced to admit that his title is superior to the alleged right of the defendants.

The plaintiff claimed profits in the following manner: "Fifth: That the said properties yield a monthly rent of forty dollars." Perfecta Juncos answered as follows: "Fifth: She admits the fifth allegation of the said complaint." And Engracia Juncos, the other defendant answered in this manner: "4th. They admit the fifth allegation of the complaint."

This being the case, the judgment to be entered should order that the defendants pay to the plaintiff as the profits of the properties forty dollars monthly from the date of the filing of the complaint, or June 16, 1916.

The plaintiff also prays for the costs, disbursements and attorney fees. Adopting the general practice of this court in reversing judgments, we think it is equitable to hold that each party should pay his own costs, disbursements and attorney fees.

For all of the foregoing the judgment appealed from must be reversed and another entered sustaining the complaint in the manner indicated.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.