[No. 3,172.]

THE PEOPLE OF THE STATE OF CALIFORNIA. v.
BLANDA CASTRO DE BERNAL, AND CERTAIN
REAL ESTATE.

SERVICE OF SUMMONS.—In making service of a summons, and in the return of such service, the provisions of the statute must be, and must be shown to have been, substantially observed and followed by the officer, otherwise the proceedings cannot be supported upon a direct appeal taken.

IDEM.—If the statute for the collection of a tax and the enforcement of its lien on real estate provides that a summons may be served by delivering a copy to each defendant, but if the personal defendant cannot be found by posting a copy for twenty days at the Court House door, and that no personal judgment shall be rendered unless the person against whom it is rendered shall have been personally served, a personal judgment, rendered on a service made by posting a copy at the Court House door, is erroneous, and will be reversed if attacked by direct appeal.

IDEM.—Whether such judgment is void, so that it may be attacked collaterally, not decided.

IDEM.—If, in such case the statute requires the service of summons on the real estate to be made by delivering a copy to the person in possession thereof, and by posting a copy in some public place thereon, a return by the Sheriff that he posted a copy on the premises, without stating that it was posted in a public place on the premises, will not support a judgment if attacked by direct appeal. In like manner, the judgment will be reversed, unless the return fails to show that a copy was delivered to a person in possession of the premises, or that there was no person in possession.

APPEAL from the District Court of the Third Judicial District, Monterey County.

Action against Bernal, and an undivided one half of two thousand nine hundred and seventy acres of land owned by him, to recover judgment for five hundred and eighty-nine dollars and ninety-one cents tax assessed against the land in 1869. The case came up on the judgment roll.

The other facts are stated in the opinion.

CAL. REPS. XLIII—49

*J. A. Moultrie*, for Appellants.

The rule is too well established to require comment or citation of authorities that, in a proceeding against property for the collection of taxes, each act required by the statute to be performed is necessary to be done to give the Court jurisdiction. (*Mayo* v. *Ah Loy et al.*, 32 Cal. 477; *People* v. *Fox*, 39 Cal. 621.)

No personal service was made on the defendants, nor did they appear in the action. No personal judgment was or could be entered. (Hitt., Vol. 2, para. 6193; Revenue Act, 1861, Sec. 44.)

The Sheriff's return shows that ten days before the return was made he posted a copy of the summons at the Court House door; but ten days posting is worthless, twenty days are required to give the Court jurisdiction. (Hitt., Vol. 2, para. 6190; Rev. Act, Sec. 41.)

*John L. Love, Attorney General*, for Respondent.

There is nothing in the record to show that the defendant Bernal was not personally or otherwise served somewhere. If it be contended that the service by posting was constructive merely and bad, it is answered by the language of *Eitel* v. *Foote*, 39 Cal. 439: "In a tax suit a recital in the decree 'that all owners and claimants of the property have been duly summoned to answer the complaint herein, and have made default in that behalf,' there being nothing contradictory to it in the record, is conclusive, in a collateral proceeding, that the Court acquired jurisdiction of the owner of the premises."

The recital of a fact in the judgment, there being nothing to contradict it in the record, is conclusive. The judgment should be affirmed.

By the Court, WALLACE, C. J.:

The people on the 6th day of October, 1870, had judgment *by default* against the personal defendant and the real estate, also made a defendant in the action, and the defendants have appealed from the judgment. The question, as made by the appellants, is as to whether or not it sufficiently appears in the record that the Court below obtained jurisdiction of the defendants by the service of process, so as to authorize the entry of judgment against them, the judgment reciting the fact of service.

1. As to the personal defendant: The return, made by the Sheriff upon the summons, is to the effect that after a diligent search the personal defendant could not be found, and that on the 5th day of August, 1870, he posted a copy of the summons on the door of the Court House in the City of Monterey. The Act (Hitt., Sec. 6190,) requires that the summons shall be served by delivering a copy thereof to each defendant named—" provided, that if the personal defendant cannot be found in the county in which said action is brought, then service may be made upon such defendant by posting a copy of the summons for twenty days at the Court House door of said county." The return of the Sheriff shows that the personal defendant could not be found, and that thereupon he posted the copy of the summons at the Court House door, and was so far forth a compliance with the requirements of the statute, for the personal defendant was thereby served, though not *personally* served, with the summons. But the same Act in an after section (Sec. 6193) also provides in terms "that no personal judgment shall be rendered unless the person against whom it is rendered shall have been personally served with the summons, or shall have appeared in said action." The purpose usually had in view in effecting the service of a summons upon a defendant in a civil action, whether such service be personal or constructive

merely, is to acquire that jurisdiction of his person which is ordinarily indispensable to enable the Court to proceed to judgment, and if such service of the one character or the other be effected pursuant to the provisions of law in a case where the subject matter is itself one cognizable by the particular Court before which the defendant is cited to appear, it results upon general principles that the Court may rightfully proceed to determine the cause, and that its judgment concerning the subject matter of the suit cannot be questioned for mere lack of jurisdiction to render it. The statute having provided that though under certain circumstances a service not personal in its character might be properly effected upon a personal defendant, yet that in such case no personal judgment should be rendered against him, and the judgment here having been in fact rendered against him without such personal service and without appearance, it is not necessary (as it would have been in case the proceeding before us were a mere collateral attack upon the judgment) to determine if a judgment so rendered would be absolutely void—a mere nullity in the strict sense. Whether void or not, it is certainly erroneous, and upon direct appeal, as here, cannot be supported.

2. As to the real estate made a defendant in the action: The return of the Sheriff appearing upon the summons is to the effect that he served the summons upon the real estate " by posting a true copy hereof on the same said premises, and by posting a copy on the door of the County Court House in Monterey City," etc. The statute (Sec. 6190) provides that service of the summons shall be made "as to said real estate   *   *   *   by delivering a copy thereof to the person or persons in possession of the same, and further as to all real estate by posting a like copy in some public place thereon," etc. The return does not show service upon the real estate made or attempted by delivering a copy of the summons to any person in possession of such real estate, nor does it show

that the officer was unable to find any person in possession thereof; nor does it show or set forth that a copy of the summons was posted in a public place on the premises—by which the statute means some place on the premises most likely to meet the eye of a person passing upon or near them. A copy of the summons merely posted on the premises is not all that the statute has provided for in that respect; but at some public place thereon is also required. In making service of the summons, and in the return of such service, the provisions of the statute must be and must appear to have been substantially observed and followed by the officer, otherwise the proceedings cannot be supported upon a direct appeal taken.

Judgment reversed and cause remanded.