64   265
88   109
88   582

[Department Two.— October 29, 1883.]

## JOSEPH DOERFLER, RESPONDENT, *v.* ALBERT SCHMIDT, APPELLANT.

SERVICE OF SUMMONS. — PROOF OF SERVICE. — An affidavit of service of summons should state that the person who served it was over the age of eighteen years at the time of the service.

ID. — JUDGMENT ROLL. — An affidavit to open a default forms no part of the judgment roll, and cannot be examined for the purpose of passing upon the validity of the judgment.

FRAUDULENT CONVEYANCE — DELIVERY OF DEED. — In an action to set aside a conveyance of land upon the ground of fraud, the complaint must aver the delivery of the deed claimed to be fraudulent.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

Action to set aside a deed upon the ground that it was fraudulently obtained. The complaint contained no averment of the delivery of the deed.

Proof of service of summons was made by affidavit. The affidavit was made March 7, 1879, and in it the affiant states, "that I am over the age of eighteen" and "that I did, on the sixth day of March, 1879, personally serve the defendant," etc.

*H. S. Mulford*, for Appellant.

*Thomas Watts*, for Respondent.

PER CURIAM. — The proof of service of the summons was insufficient. *Maynard* v. *McCrellish*, 57 Cal. 355, was decided upon a similar state of attempted proof. The statement in the affidavit used on the motion to set aside the default cannot be deemed a waiver of the service. We cannot look beyond the judgment roll for the purpose of ascertaining the validity of the judgment.

It is argued that the complaint does not state facts sufficient

to constitute a cause of action, in that it does not aver a delivery of the deed. We think the point is well taken.

Judgment and order reversed and cause remanded for further proceedings.