[No. 8,276. Department One.—October 28, 1884.]

## DENIS LYONS, RESPONDENT, v. PATRICK CUNNINGHAM ET AL., APPELLANTS.

PRACTICE—DEFAULT—PROOF OF SERVICE OF SUMMONS.—No judgment by default in a civil action can be rendered without proof of the service of summons.

ID.—AFFIDAVIT OF SERVICE.—Service of summons by a person other than
the sheriff must be proved by an affidavit showing that at the time of
service the person making it was over the age of eighteen years.

ID.—SUFFICIENCY OF AFFIDAVIT OF AGE.—A statement in an affidavit of
service, that the person making the affidavit was "a white male citizen
of the United States," is not equivalent to a statement that he was over
the age of eighteen years.

ID.—A person may be a citizen of the United States, although not of an
age to qualify him to be an elector.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

Action upon a street assessment. The facts appear in the
opinion of the court.

*R. Percy Wright,* for Appellants.

*J. C. Bates,* for Respondent.

McKEE, J.—The judgment appealed from is a default judg-
ment, which was entered against the defendants upon proof of
service of summons by the following affidavit of service, sub-
scribed and sworn to on the 19th of January, 1881: "George Com-
stock being duly sworn, says that he *is* a white male citizen of the
United States, over the age of eighteen years, and not a party
to, or interested in, the above entitled action. That he served
the annexed summons in said action on the 13th day of Decem-
ber, 1880, upon Patrick Cunningham, executor of the last will
and testament of Mary Cunningham, deceased, therein named
defendant," etc.

Proof of service of summons in a case by a person other than
the sheriff is a condition precedent to judgment by default. If
such proof is not made, as required by law, the court acquires no
jurisdiction of the persons of defendants, and has no author-
ity to render judgment against them. Any judgment rendered
is, therefore, invalid and void. ( *Weise* v. *Bennett,* 9 P. C. L.
J. 626; *Howard* v. *Galloway,* 60 Cal. 10; *Maynard* v. *Mc-
Crellish,* 57 Cal. 355.)

In this case the affidavit does not expressly state that the per-
son making the service was over the age of eighteen at the time
of making the service. But it is claimed that the words " a
white male citizen of the United States " denote an elector; that
an elector is a male citizen twenty-one years of age and upwards;

and as the person serving the summons was twenty-one years of age on the 19th of January, 1881, it follows that he was at the time of the service of summons, on the 13th of December, 1879, over eighteen years of age.

It is true that a citizen, in the full acceptation of that term, may be said to be a member of the civil State, entitled to all its privileges. But the possession of all political rights is not essential to citizenship. (*People, etc.*, v. *De la Guerra*, 40 Cal. 311.) The term has quite a comprehensive meaning. It includes citizens of the State, and citizens of the United States, and these include political and civil citizens—electors and non-electors. (§§ 50, 51, Pol. Code.) Every male citizen of the State and of the United States is not necessarily an elector. It is provided not only by the constitution of the State, but by the constitution of the United States, that all male citizens twenty-one years of age and upwards shall be entitled to vote. But the affiant does not state that he is twenty-one years of age, and entitled to vote. He may not be, and yet be a citizen. Presumptively, therefore, although a citizen of the United States, over eighteen years of age, he is a citizen under the age of twenty-one years, and therefore a non-elector. (§ 60, Pol. Code.)

The affidavit of service was insufficient to sustain the judgment.

Judgment reversed, and cause remanded for further proceedings.

Ross, J., and McKINSTRY, J., concurred.