[No. 9892. Department One. — March 28, 1888.]

## B. A. BARNEY, RESPONDENT, v. A. W. VIGOUREAUX ET AL. A. W. VIGOUREAUX, APPELLANT.

JUDGMENT BY DEFAULT — PROOF OF SERVICE OF SUMMONS — AFFIDAVIT MUST SHOW AGE OF PERSON SERVING. — The superior court does not acquire jurisdiction to enter a judgment by default against a defendant who has not appeared in the action, when the affidavit of service of summons fails to affirmatively show that the party making the service, if other than the sheriff, was over the age of eighteen years at the time of service.

ID. — JUDGMENT ROLL — AFFIDAVIT OF SERVICE PART OF. — Where a defendant has not appeared in the action, and a personal judgment by default is rendered against him, the affidavit or proof of service of summons is a necessary part of the judgment roll.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to set aside a judgment and to quash the execution issued thereon.

The action was brought to recover judgment on a promissory note against the defendants, A. W. Vigoureaux and G. S. Banks, and judgment by default was rendered against A. W. Vigoureaux alone. He never appeared in the action before judgment, and the only proof of service of the summons upon him consisted of the following affidavit, viz.:—

"STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO. } ss.

"William Allen, being first duly sworn, says that he is over the age of eighteen years, and is not a party to said action; that he served the within summons on A. W. Vigoureaux, one of the defendants within named, by delivering the same to him personally, with a copy of the original complaint thereto attached, at said city and county of San Francisco, on the third day of August, 1878.

[Signed]·          "WILLIAM ALLEN.

"Subscribed and sworn to before me this thirtieth day of September, 1878.

          "FRED'K A. SAWYER, Justice of the Peace."

The further facts are stated in the opinion of the court.

*I. N. Thorne*, for Appellant.

*W. H. Allen*, for Respondent.

McKINSTRY, J.—The summons was not served on the defendant A. W. Vigoureaux. (*Maynard* v. *McCrellish*, 57 Cal. 355; *Howard* v. *Galloway*, 60 Cal. 10; *Weil* v. *Bent*, 60 Cal. 603; *Doerfler* v. *Schmidt*, 64 Cal. 265; *Lyons* v. *Cunningham*, 66 Cal. 43.) Nor did A. W. Vigoureaux appear in the action before or after the judgment. The superior court had no jurisdiction to enter the judgment against him.

W. A. Vigoureaux, calling himself " one of the defendants" in the action, gave notice of a motion to vacate the judgment, quash executions issued thereon, etc. The notice was accompanied by an affidavit made and subscribed "W. A. Vigoureaux," wherein the affiant swore that he was one of the persons named as defendant in the action *B. A. Barney* v. *A. W. Vigoureaux et al.;* and that the summons in that action was, on September 30, 1878, returned and filed "with an affidavit of a pretended service thereof on the affiant"; that a judgment was entered "in favor of plaintiff and against this affiant"; that an execution was issued on the judgment, under which the sheriff had sold " all the right, title, and interest of this affiant, defendant as aforesaid," in certain described land and premises, of which the affiant is owner and in possession. The affidavit proceeds to state facts showing that the affiant was not served at all, and to aver that he had no notice or knowledge of the action, or that a judgment had been entered against *him*, until after the sale of certain personal property of his, under an execution running to Santa Clara County.

However persistent the effort of W. A. Vigoureaux to

make himself by affidavit a defendant in the judgment, he did not succeed in the attempt.

A. W. Vigoureaux has appealed from the order of the superior court denying the motion of W. A. Vigoureaux. He can hardly complain that under a judgment against him the sheriff has levied upon and sold property of W. A. Vigoureaux.

Had W. A. Vigoureaux been served with summons, the judgment would perhaps have bound him, notwithstanding a misnomer, if there was one, in the absence of a plea in abatement. But there was no service upon any defendant in the action other than Banks, and no judgment was entered against W. A. Vigoureaux.

Nevertheless, as the complaint was not answered by A. W. Vigoureaux, nor by any person served as A. W. Vigoureaux, the affidavit or proof of service was a necessary part of the judgment roll. (Code Civ. Proc., sec. 670.) Thus it appears on the face of the judgment roll that the court never acquired jurisdiction of the person of the defendant Vigoureaux. On this fact being called to the attention of the court below in any manner, the judgment should have been vacated. But under the circumstances, no costs should be allowed appellant, who took no steps to set aside the judgment in the court below, but acquiesced in the making of his debt out of the property of another person.

The foregoing assumes that A. W. and W. A. Vigoureaux are two men, and not the same man, because such is the fact so far as appears from the judgment roll.

The order appealed from is reversed, and the court below is directed to enter an order vacating and setting aside the judgment and the proceeding taken under it, without costs to the appellant, either in this court or in the superior court.

SEARLS, C. J., and PATERSON, J., concurred.