[No. 13963.    Department Two. — April 3, 1891.]

R. L. HORTON, RESPONDENT, v. Y. GALLARDO, APPELLANT.

SUMMONS — AFFIDAVIT OF SERVICE — JUDGMENT BY DEFAULT — APPEAL. — An affidavit of service of summons, which fails to state or show that the person serving the same was over the age of eighteen years at the time of the alleged service by him, is insufficient to prove service; and a judgment by default founded upon such affidavit is erroneous, and will be reversed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Willis & Appel,* for Appellant.

*J. M. Damron,* for Respondent.

VANCLIEF, C. — This is an appeal by the defendant from a judgment against him by default, and his counsel makes the point here that the summons in the action was not served on him.

The only evidence contained in the record from which the court could have found service of summons upon the defendant is the following affidavit, indorsed on the summons:—

"Office of the sheriff of Los Angeles County.

"I hereby swear that I received the within summons on the twenty-sixth day of February, A. D. 1890, and personally served the same on the twenty-seventh day of February, A. D. 1890, by delivering a copy and having this read to the defendant in person, being Y. Gallardo, the defendant named in said summons, by delivering to him, the said defendant, personally, in the city and county of Los Angeles, California, a copy of said summons, and a certified copy of the complaint in

the action named in said summons, attached to said copy of summons.

"Dated this twenty-eighth day of February, A. D. 1890.                    J. S. CHADWICK."

As this affidavit does not state or show that Chadwick was over the age of eighteen years at the time of the alleged service of summons by him, it is insufficient to prove such service. (*Maynard* v. *MacCrellish*, 57 Cal. 355; *Howard* v. *Galloway*, 60 Cal. 11; *Weil* v. *Bent*, 60 Cal. 603; *Doerfler* v. *Schmidt*, 64 Cal. 265.)

I think the judgment should be reversed, and the cause remanded.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded.