ANDINO, PLAINTIFF AND RESPONDENT, *v.* KNIGHT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an action of denial of a servitude.

No. 1008.—Decided March 26, 1914.

SUMMONS—SERVICE BY PERSON OTHER THAN MARSHAL—RETURN OF SERVICE.—In accordance with sections 92 and 97 of the Code of Civil Procedure, when a summons is served by a person other than the marshal, it must be stated in

the sworn return, among other things, that the said person was over eighteen years of age when he made the service, that he is not a party to the action and the place where the service was made. The omission of any of these requisites invalidates the service.

ID.—RETURN OF SERVICE.—The failure to state in the return on a summons served by a person other than the marshal that said person was over eighteen years of age, is not cured by the fact that the secretary before whom the return was sworn to stated that the said person was over eighteen years of age. Nor is it sufficient to say that the service was made at the residence of the defendant in a certain street without stating the name of the city.

ID.—DEFAULT—VOID SERVICE—PLEADING AFTER ENTRY OF DEFAULT.—When the service of a summons is void the entry of default is also void and the said entry of default does not bar the subsequent filing of a pleading by the defendant.

ID.—DEFAULT—APPEAL—MOTION TO SET ASIDE DEFAULT.—The fact that a defendant against whom judgment was rendered by default appeals therefrom without first moving the lower court to set aside said entry of default, does not bar him from pleading before this court the defects in the service of the summons which annul the entry of default.

DEFAULT—DEMURRER.—An entry of default does not prevent the defendant from filing a demurrer in the lower court or in the appellate court at any time during the pendency of the action alleging that the plaintiff has no cause of action.

APPEARANCE—WAIVER OF DEFECTIVE SERVICE.—When the appearance of a defendant has been stricken from the record he is not barred from pleading on appeal the defects in the service of the summons.

The facts are stated in the opinion.

*Messrs. Carlos Travecier* and *Francisco González* for respondent.

*Messrs. Aponte & Aponte* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

After his default had been entered by the secretary the appellant entered his appearance in this case in the lower court and demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Subsequently a day was set for the trial when only the attorney for the plaintiff appeared and moved the court to strike the said demurrer from the record because it had been filed after the entry of the default. The court so ordered and after hearing the evidence of the plaintiff rendered judgment against the defendant, from which judgment the latter appealed to this court.

In support of his appeal the appellant contends that as his default was entered improperly it could not have the effect of preventing him from filing his demurrer and that therefore the court erred in striking out the same and proceeding to the trial of the case without ruling on the demurrer, particularly so as that kind of a demurrer may be pleaded at any time. The grounds for this contention are that the summons having been served upon the appellant by a person other than the marshal, he failed to state in his sworn return thereon that he was over 18 years of age when he served the summons; that he was not a party to the action, and the place where he made the service. The affidavit of service objected to reads as follows:

"I, Luis González, under oath say:

"That I received this summons at 12.30 p. m. of August 22, 1912, and that I served the same personally on August 22, 1912, on Henry Knight, the defendant named in the said summons, by delivering to the said defendant and leaving with him personally at his residence in Tuna Street a copy of the said summons together with a true and exact copy of the complaint in the action referred to in the said summons.

"Dated August 22, 1912.    Luis González.

"Subscribed and sworn to before me by Luis González who is over eighteen years of age, a student and resident of this municipality, whom I know personally.

"Humacao, Porto Rico, August 22, 1912.

"JESÚS L. PEREYÓ,
"*Secretary, District Court.*

"JOSÉ PÉREZ,
"*Asst. Secretary.*"

A perusal of that return shows in fact that the oath does not fulfil the requirements mentioned by the appellant, and as section 92 and subdivisions 2 and 4 of section 97 of our Code of Civil Procedure provide that when a summons is served by any other person than the marshal, said person

must be over the age of 18 years who is not a party to the action and that the summons must be returned to the secretary who issued it with an affidavit of such person of its service, in which shall be stated the time and place of such service, the question to be decided is whether in view of the omission of those requisites the entry of default by the secretary in these circumstances was a bar to the subsequent filing of a demurrer by the appellant and to its consideration and decision, or whether the demurrer was properly stricken out.

In order to be considered valid the return on a summons must show *per se* that all the requisites have been complied with (*Linnot* v. *Rowland,* 119 Cal., 452, 51 Pac., 687; *People* v. *Bernard,* 43 Cal., 385); and when the service is made by any other person than the marshal, the return must show that he was over 18 years of age at the time of making the service (*Maynard* v. *McCrellish,* 57 Cal., 355; *Howard* v. *Galloway,* 60 Cal., 11; *Doerfler* v. *Schmidt,* 64 Cal., 265; *Lyons* v. *Cunningham,* 66 Cal., 42; *Barney* v. *Vigoureaux,* 75 Cal., 376; *Horton* v. *Gallardo,* 88 Cal., 581), as well as the place where the service was made. *Lynch* v. *West,* 63 W. Va., 571, 60 S. E., 606.

The return should contain also the sworn statement that the person making the service is not a party to the action, this being one of the requirements of law when a person other than the marshal serves the summons. Therefore, when, as in the present case, the said requirements have not been complied with, it is not shown by the return on the summons that the secretary is empowered to enter the default, or that the court acquires jurisdiction over the defendant. *Barney* v. *Vigoureaux* and *Horton* v. *Gallardo, supra.*

The fact that the secretary before whom the affidavit of service was sworn stated that Luis González was over 18 years of age, does not supply the omission in the affidavit because it is not a fact to which he can certify by virtue of his office; and as to the place of service, it is not sufficient to say that the service was made at the residence of the de-

fendant in Tuna Street without stating the municipality because we have no means of knowing that this applies to a particular street in any city or town.

The return having been made in this manner, the secretary was not authorized by law to enter validly the default of the defendant, and the fact that he did so is no bar to the subsequent filing by the defendant of his demurrer, for this court, in the case of *The Juncos Central Company* v. *Rodríguez,* 16 P. R. R., 286, accepted the doctrine laid down by the Court of Appeals of the District of Columbia in the case of *Banville* v. *Sullivan,* 11 Ct. App. D. C., 31, to the effect that pleadings may be filed and should be received at any time before the entering of a default, and as the default entered in the present case was not valid, it could not bar the filing and consideration of the demurrer of the appellant. It is true that the appellant might have moved the lower court previously to vacate the default in view of the defective return on the summons and this would have expedited the proceedings, but although he could have done this he was not barred from attacking on this ground the judgment rendered against him by default. *Howard* v. *Galloway, supra.*

Therefore, before striking out the pleading of the appellant the lower court should have assured itself that his default had been entered validly by the secretary so that the court acquired jurisdiction over the person of the defendant, because the mere fact that the default had been entered was not sufficient. Besides, a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is of such a nature that it may be pleaded at any time and should be considered, wherefore the lower court erred in ordering it to be stricken out. *The Juncos Central Company* v. *Rodríguez, supra.*

But the respondent contends that the defendant is barred from pleading to those defects now because his appearance cured any defects which the return of service of the summons might have contained. This claim would be good if

the filing of his demurrer constituted an appearance, but it is not in this case in which the order striking out the demurrer made at the instance of the respondent eliminated said appearance from the record.

For the foregoing reasons the said order to strike out the demurrer should be reversed and the judgment by default set aside, restoring the proceedings to the status which they had when the demurrer to the complaint was filed.

*Judgment by default set aside.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.