ANDINO, DEMANDANTE Y APELADO, *v.* KNIGHT, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en un caso de acción negatoria de servidumbre.

No. 1008.—Resuelto en marzo 26, 1914.

EMPLAZAMIENTO—DILIGENCIAMIENTO POR UNO QUE NO ES MÁRSHAL—REQUISITOS DEL JURAMENTO.—De acuerdo con los artículos 92 y 97 del Código de Enjuiciamiento Civil, cuando un emplazamiento es diligenciado por una persona que no es el márshal, es indispensable hacer constar en la declaración jurada del diligenciamiento, entre otras cosas, que dicha persona era mayor de 18 años cuando lo practicó, que no es parte en la acción y el lugar en donde se verificó el diligenciamiento. La falta de cualquiera de estos requisitos entraña su nulidad.

ID.—EDAD DEL QUE VERIFICÓ EL DILIGENCIAMIENTO—LUGAR EN DONDE SE PRACTICÓ.—La omisión de expresar en un certificado de diligenciamiento de empla-

zamiento por una persona que no es márshal, el ser mayor de 18 años, no queda subsanada por expresar el secretario ante quien se jura el diligenciamiento que dicha persona es mayor de 18 años. Tampoco es suficiente decir que se practicó el emplazamiento en el domicilio del demandado en determinada calle sin expresar el nombre de la ciudad.

ANOTACIÓN DE REBELDÍA—DILIGENCIAMIENTO NULO DEL EMPLAZAMIENTO—PRESENTACIÓN DE EXCEPCIONES PREVIAS DESPUÉS DE ANOTADA LA REBELDÍA.—Es nula la anotación de una rebeldía cuando el diligenciamiento del emplazamiento es nulo, y dicha anotación no impide al demandado que presente una alegación.

SENTENCIA EN REBELDÍA—APELACIÓN CONTRA LA MISMA SIN PEDIR QUE SE DEJE SIN EFECTO LA ANOTACIÓN DE LA REBELDÍA.—El hecho de que un demandado contra quien se ha dictado sentencia en rebeldía apele de la misma sin antes pedir al tribunal inferior que deje sin efecto dicha anotación de rebeldía, no le impide alegar ante el Tribunal Supremo los defectos en el diligenciamiento del emplazamiento que anulan la anotación de la rebeldía.

ANOTACIÓN DE REBELDÍA—EXCEPCIONES PREVIAS—FALTA DE CAUSA DE ACCIÓN.—La anotación de rebeldía no impide el que el demandado pueda alegar en cualquier momento durante la pendencia del pleito la excepción previa de falta de causa de acción ante el tribunal inferior o ante el tribunal de apelación.

COMPARECENCIA—SUBSANACIÓN DE DEFECTOS EN EL EMPLAZAMIENTO.—Cuando la comparecencia de un demandado ha sido eliminada, no está impedido de alegar en apelación los defectos que pueda tener el emplazamiento y su diligenciamiento.

Los hechos están expresados en la opinión.

Abogados del apelado: *Sres. Carlos Travecier y Francisco González.*

Abogados del apelante: *Sres. Aponte & Aponte.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante hizo su comparecencia en este pleito ante el tribunal inferior alegando la excepción de que la demanda no aducía hechos suficientes que determinasen causa de acción, la que presentó cuando su rebeldía había sido ya registrada por el secretario. Posteriormente fué señalado día para el juicio al que sólo asistió el abogado del demandante, quien pidió al tribunal que eliminase dicha excepción por haber sido presentada después de anotada la rebeldía, disponiéndolo así el tribunal, el que después de oir la prueba del demandante dictó sentencia contra el demandado, la que por éste ha sido apelada para ante nosotros.

El apelante sostiene en apoyo del recurso, que habiendo

sido impropiamente anotada su rebeldía, no pudo producir
el efecto de impedirle presentar su excepción por lo que el
tribunal erró al eliminarla y al proceder al juicio del caso
sin resolverla, con mayor motivo cuando esa clase de excep-
ción podía presentarla en cualquier tiempo. Los hechos que
fundamentan ese motivo son: que habiéndose practicado la
citación del apelante por una persona que no es el márshal,
no juró en la diligencia que era mayor de diez y ocho años
cuando la hizo, que no era parte en el pleito, ni tampoco
el lugar en que se verificó. La diligencia que se impugna
dice así:

"Yo, Luis González juramentado digo:

"Que recibí el presente emplazamiento a las 12.30 de la tarde
del día 22 de agosto de 1912 y que notifiqué el mismo personalmente,
el día 22 de agosto de 1912, a Henry Knight, demandado mencionado
en dicho emplazamiento, entregando a dicho demandado y dejando
en su poder personalmente en su domicilio calle 'Tuna' una copia
de dicho emplazamiento y en poder del demandado mencionado una
copia fiel y exacta de la demanda en el pleito mencionado en dicho
emplazamiento.

"Fechado hoy día 22 de agosto de 1912.

"LUIS GONZÁLEZ.

"Jurado y suscrito ante mí por Luis González, mayor de diez y
ocho años, estudiante, vecino de este pueblo a quien conozco personal-
mente en Humacao, P. R., a los 22 días del mes de agosto de 1912.

"JESÚS L. PEREYÓ,
"*Secretary District Court.*

"JOSÉ PÉREZ,"
"*Int. Sec.*"

La lectura de ese documento demuestra en efecto, que
el juramento no comprende los extremos mencionados por
el apelante, y como nuestro Código de Enjuiciamiento Civil
en sus artículos 92 y en los Nos. 2º. y 4º. del 97 dispone que
cuando practique la citación una persona que no sea el már-
shal, deberá tener más de diez y ocho años y no ser parte en

la acción y que la cédula de emplazamiento deberá devolverla al secretario que la expidió con su declaración jurada de haberlo practicado, en la que hará constar el tiempo y lugar en que la hizo, la cuestión a resolver es si habiéndose omitido esos extremos, la anotación de rebeldía hecha por el secretario en esas circunstancias era obstáculo para que el apelante presentara con posterioridad su excepción y para que fuera considerada y resuelta, o procedía su eliminación.

La diligencia de citación debe demostrar por sí misma que ha sido cumplido todo lo necesario para que pueda estimarse buena, *Linnot* v. *Rowland,* 119 Cal., 452, 51 Pac., 687; *People* v. *Bernard,* 43 Cal., 385; y cuando es practicada por persona que no es el márshal, debe aparecer de ella que tenía más de diez y ocho años en el momento de llevarla a efecto, *Maynard*.v. *McCrellish,* 57 Cal., 355; *Howard* v. *Galloway,* 60 Cal., 11; *Doerfler* v. *Schmidt,* 64 Cal., 265; *Lyons* v. *Cunningham,* 66 Cal., 42; *Barney* v. *Vigoreaux,* 75 Cal., 376; *Horton* v. *Gallardo,* 88 Cal., 581, así como el lugar en que se practicó, *Lynch* v. *West,* 63 W. Va., 571, 60 S. E., 606.

También debe contener la afirmación jurada de que no es parte en la acción, por ser uno de los requisitos que exige la ley para que una persona distinta del márshal pueda practicar la citación. Por tanto cuando, como en el caso presente, se han dejado de cumplir los extremos expresados, no aparece del diligenciamiento que el secretario estuviera facultado para registrar la rebeldía ni que el tribunal adquiriera jurisdicción sobre el demandado para juzgarlo. *Barney* v. *Vigoureaux* y *Horton* v. *Gallardo, supra.*

El hecho de que el secretario ante quien se juró el diligenciamiento hiciera constar que Luis González es mayor de 18 años, no suple la omisión que aquél contiene porque no es un hecho que puede certificar por razón de su cargo; y con respecto al lugar, no es suficiente decir que se practicó en el domicilio del demandado en la calle de la Tuna, sin expresar la población, pues no sabemos que ese nombre sea exclusivo de la calle de alguna ciudad o pueblo.

En tales condiciones el diligenciamiento, no estaba facultado el secretario por la ley para anotar válidamente la rebeldía del demandado y el que así lo hiciera no puede impedir que el apelante presentara después su excepción, pues este Tribunal Supremo en el caso de *The Juncos Central Co. v. Rodríguez,* 16 D. P. R., 311, aceptó la regla establecida por el Tribunal de Apelaciones del Distrito de Columbia en el de *Banville* v. *Sullivan,* 11 Ct. App. D. C., 31, de que las alegaciones pueden presentarse, y deben recibirse, en cualquier tiempo hasta que se haya anotado una rebeldía; y como la que en el presente caso se anotó no era válida, no podía producir el efecto de impedir la presentación y consideración de la excepción del apelante. Es cierto que el apelante pudo pedir al tribunal inferior previamente que dejara sin efecto la rebeldía en vista de los defectos del diligenciamiento de la citación, con lo que hubiera conseguido brevedad en la tramitación del pleito, pero aunque pudo hacerlo, no estaba impedido de atacar por ese motivo la sentencia contra él dictada en rebeldía. *Howard* v. *Galloway, supra.*

Por consiguiente, antes de eliminar el tribunal inferior la alegación del apelante debió cerciorarse de que su rebeldía había sido registrada por el secretario válidamente de modo que pudiera adquirir jurisdicción sobre la persona del demandado, porque no era suficiente el solo hecho de que la rebeldía hubiera sido anotada. Además, la excepción de que la demanda no aduce hechos bastantes para la acción que se ejercita, es de tal naturaleza que en cualquier tiempo, puede ser presentada y debe ser considerada, por lo que el tribunal inferior erró al decretar su eliminación. *The Juncos Central Co.* v. *Rodríguez,* antes citado.

Pero sostiene el apelado que el demandado no puede alegar ahora esos defectos porque su comparecencia subsanó los defectos que pudiera tener la diligencia de citación. Este argumento hubiera sido bueno si se le hubiera tenido por personado por su excepción, pero no en este caso en que la

eliminación decretada a instancia del apelado borraba de los autos tal comparecencia.

Por las razones expuestas, la orden de eliminación a que hemos hecho referencia debe ser revocada y la sentencia dictada en rebeldía anulada, debiendo reponerse los procedimientos al estado que tenían cuando se presentó la excepción a la demanda.

*Anulada la sentencia en rebeldía.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.