BUONOMO, DEMANDANTE Y APELANTE, *v.* SUCESIÓN JUNCOS, DEMANDADA Y APELADA.

</div>

<div align="center">

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre reivindicación.

No. 2003.—Resuelto en abril 29, 1920.

</div>

JURISDICCIÓN—EMPLAZAMIENTO—NULIDAD.—Cuando del diligenciado de un emplazamiento hecho por persona distinta del·marshal no aparece que dicha persona era mayor de diez y ocho años al verificarlo y que no tenía interés en el pleito, la corte no adquiere jurisdicción sobre la persona què se dice emplazada, siendo nula la sentencia que se dicte bajo la base de tal emplazamiento y nula la venta judicial que se realice en ejecución de la sentencia.

EMPLAZAMIENTO—ENMIENDA NUNC PRO TUNC.—Un *affidavit* del diligenciado de un emplazamiento puede ser enmendado, con permiso de la corte, después del

fallo, para suplir *nunc pro tunc* la manifestación omitida por inadvertencia, de que el que jura era mayor de diez y ocho años cuando hizo el emplazamiento.

Los hechos están expresados en la opinión.

. Abogado del apelante : *Sr. F. González.*

Abogados de la apelada : *Sres. A. Sarmiento y J. Vendrell.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Humacao declarando sin lugar la demanda de reivindicación interpuesta por Daniel Buonomo contra la Sucesión de Manuel Juncos Solís, compuesta de sus hijas naturales Perfecta y Engracia.

En la demanda se alegó, en síntesis, que el demandante es dueño de dos fincas rústicas que se describen y que se hallaban poseídas por las demandadas sin derecho alguno para ello.

La parte demandada contestó la demanda y formuló contrademanda alegando, en resumen, que en efecto se hallaba en la posesión de las fincas pero con perfecto derecho por haberlas su causante adquirido en venta judicial y por escritura pública desde el 12 de julio de 1910, y que el título que ostentaba el demandante carecía de eficacia porque era el producto de una confabulación fraudulenta.

El demandante Buonomo contestó la contrademanda alegando que como la corte que ordenó la venta a que se refiere la parte contrademandante no llegó a adquirir jurisdicción sobre la persona de la demandada que lo fué la Sucesión de Juan Juncos Solís, compuesta de su viuda Laura López y de sus hijos, carecía de valor alguno el alegado título de las contrademandantes.

Fué el pleito a juicio y el demandante probó que tenía un título de compra de las fincas que reclamaba inscrito en el registro de la propiedad; que la venta se la había hecho Laura López, quien tenía también su título inscrito en el registro procediendo su derecho de la adjudicación que se

le hizo en la partición de la herencia de su esposo Juan Juncos Solís.

La parte demandada presentó su prueba demostrativa de que Manuel Juncos Solís, su causante, siguió en la Corte Municipal de Caguas un pleito contra la Sucesión de Juan Juncos Solís, compuesta de su viuda y de sus hijos, en cobro de dinero, que fué decidido por sentencia favorable al demandante, y que en la ejecución de dicha sentencia se vendieron en subasta pública, adjudicándosele al demandante, que fué el único postor, las fincas a que se refiere el pleito, otorgándose la escritura de adjudicación el 12 de julio de 1910. Probó además la parte demandada que la adjudicación de las mismas fincas hecha a Laura López en las operaciones particionales de su esposo Juan Juncos Solís se hizo el 12 de abril de 1916; que la venta de Laura López al demandante Buonomo se verificó seis días después; que Laura López y Buonomo son hermanos y que ambos conocían desde antes de la adjudicación y la venta indicadas, la existencia de la otra venta judicial hecha a favor de Manuel Juncos Solís y el hecho de que dicho Manuel Juncos Solís primero y sus herederos después han estado y están en la posesión material de las fincas desde el año de 1910.

La parte demandante probó, pues, *prima facie,* su título al dominio de las fincas reclamadas. La parte demandada a su vez probó otro título al dominio de las propias fincas. El título de la parte demandada ha sido atacado por el demandante de inexistente. El de la parte demandante, por la demandada, de fraudulento. El título del demandante consta inscrito en el registro. No así el de las demandadas.

Los autos del pleito origen del título de la parte demandada, se presentaron como prueba y sólo apareciendo de la faz de los mismos la falta de jurisdicción alegada, es que podrá sostenerse la contención del demandante. Procederemos al examen de dichos autos.

El emplazamiento dice:

"En la Corte Municipal del Distrito Judicial Municipal de Caguas, Puerto Rico.—Estados Unidos de América.—El Presidente de los Estados Unidos. *ss.*—Manuel Juncos Solís, demandante, contra Juan Juncos Solís, hoy su sucesión, Demandado.—EMPLAZAMIENTO.— El Pueblo de Puerto Rico, a Laura López viuda de Juan Juncos Solís y sus hijos Manuel, Eloy, Josefa, Juana y Mercedes Juncos López, menores de edad o sea los demandados antes mencionados.—Por la presente se notifica a ustedes que se ha presentado en la oficina del Secretario de la Corte Municipal de Caguas, Distrito Judicial Municipal de Caguas, Puerto Rico, la demanda del actor antes citado, en la cual se solicita satisfagan a dicho demandante la cantidad de quinientos dollars que éste facilitó a Juan Juncos Solís en concepto de préstamo, sin interés alguno, más las costas en la presente acción.

"Y se notifica a usted que de no comparecer a contestar dicha demanda dentro de los diez días después de notificado, si la notificación se hiciere en el distrito, y dentro de los veinte días, si se hiciere fuera del distrito, pero en la Isla de Puerto Rico, y dentro de los cuarenta días, si se hiciere en otra parte, el demandante podrá obtener fallo a su favor de acuerdo con lo solicitado en la demanda, cuya copia se acompaña.—Extendida bajo mi firma en Caguas, Puerto Rico, hoy 17 de noviembre de 1905.—Hermógenes Alvarez,—Secretario."

Sostiene el demandante y apelante que ese emplazamiento es nulo porque tratándose como se trataba de un pleito en cobro de pesos no cumple con el requisito que exige el artículo 89 del Código de Enjuiciamiento Civil de expresar que "el demandante obtendrá fallo por la cantidad exigida en la demanda, especificándose la misma", si el demandado dejare de contestar en el plazo señalado. Y cita el caso de *Freiría y Compañía* v. *R. Félix Hermanos y Cía.*, 20 D. P. R. 159.

Convenimos en que el emplazamiento es defectuoso, pero aplicando los razonamientos del citado caso de Freiría, debemos concluir que no lo era de tal modo que privara enteramente de jurisdicción a la corte, en forma tal que convirtiere en algo nulo de raíz, inexistente, el mismo empla-

zamiento y todo lo actuado por la corte a partir de él. Véase el caso de *López* v. *Meléndez,* 22 D. P. R. 156.

Pero sostiene además el apelante que en el caso de que el emplazamiento no fuera nulo, aun así faltaría jurisdicción a la corte porque su diligenciamiento carece enteramente de eficacia; 1, porque no consta que Ramón Rivera Oquendo fuese cuando actuó mayor de diez y ocho años y que no fuera parte en la acción; 2, porque no se acredita que se entregase una copia del emplazamiento a cada uno de los demandados y además a la madre de los demandados menores de catorce años; 3, porque no se especifica el lugar donde se practicó la diligencia, y 4, porque la declaración del servicio no está debidamente autenticada.

El diligenciamiento es como sigue:

"En la Corte Municipal del Distrito Judicial Municipal de Caguas, Manuel Juncos Solís *v.* Juan Juncos Solís, hoy su Sucesión.—Acción en cobro de dinero.—Juramento.—Yo Ramón Rivera Oquendo, mayor de edad y vecino de esta población juro solemnemente: que en el día de hoy me constituí en el domicilio de la Sucesión de D. Juan Juncos Solís, cuyos miembros son Dª. Laura López viuda del causante y sus hijos D. Manuel, D. Eloy, Dª. Josefa, Dª. Juana y Doña Mercedes Juncos López y les notifiqué a todos de la demanda presentada por el actor, dejándoles una copia de ella y de la cédula de emplazamiento. Debidamente enterados todos, firma conmigo la viuda este documento, por su propia representación y la de sus menores hijos.—Caguas 18 de noviembre de 1905.—(f) Laura López, Ramón Rivera.—Jurada y firmada ante mí 9 de diciembre de 1905.—José Molina,—Juez de Paz."

Hemos estudiado cuidadosamente las cuestiones suscitadas. Las cortes generalmente se inclinan en casos de esta naturaleza a sostener la eficacia de las sentencias impugnadas. Podrían encontrarse tal vez argumentos para combatir la existencia de los errores apuntados bajo los números 2, 3 y 4, pero el señalado con el número 1 es tan patente y la jurisprudencia es tan terminante sobre el particular, que nos vemos obligados a convenir, por razón de él, con el de-

mandante, que el título de la parte demandada carece de valor porque la corte que dictó la sentencia, base de dicho título, no consta que llegara a adquirir jurisdicción sobre la persona de los demandados en el pleito.

En el caso de *Andino* v. *Knight,* 20 D. P. R. 198, 201, citando la jurisprudencia en que se basaba para ello, este tribunal se expresó así:

"La diligencia de citación debe demostrar por sí misma que ha sido cumplido todo lo necesario para que pueda estimarse buena, *Linnot* v. *Rowland,* 119 Cal., 452, 51 Pac. 687; *People* v. *Bernard,* 43 Cal., 385; y cuando es practicada por persona que no es el marshal, debe aparecer de ella que tenía más de diez y ocho años en el momento de llevarla a efecto, *Maynard* v. *McCrellish,* 57 Cal. 355; *Howard* v. *Galloway,* 60 Cal. 11; *Doerfler* v. *Schmidt,* 64 Cal. 265; *Lyons* v. *Cunningham,* 66 Cal. 42; *Barney* v. *Vigoreaux,* 75 Cal. 376; *Horton* v. *Gallardo,* 88 Cal. 581, así como el lugar en que se prac-ticó, *Lynch* v. *West,* 63 W. Va. 571, 60 S. E. 606.

"También debe contener la afirmación jurada de que no es parte en la acción, por ser uno de los requisitos que exige la ley para que una persona distinta del marshal pueda practicar la citación. Por tanto cuando, como en el caso presente, se han dejado de cumplir los extremos expresados, no aparece del diligenciamiento que el se-cretario estuviera facultado para registrar la rebeldía ni que el tri-bunal adquiriera jurisdicción sobre el demandado para juzgarlo. *Barney* v. *Vigoureaux* y *Horton* v. *Gallardo, supra.*"

En este caso que estudiamos la persona que hizo la cita-ción no juró, ni acreditó de otro modo eficaz en derecho, que tuviera la edad que la ley exige para practicar la diligencia y que no fuera parte en la acción.

Pero es más, habiéndose suscitado esta cuestión y habiendo podido la parte demandada probar que la persona que hizo el emplazamiento tenía la edad requerida por la ley, no lo hizo, siendo, por tanto, aplicable también la jurisprudencia establecida en el caso de *Quintana et al.* v. *Aponte,* 26 D. P. R. 196, que se resume así:

"Cuando como en este caso del diligenciado del emplazamiento hecho por persona que no es el marshal, no consta que tal persona

fuera mayor de 18 años, ni se ha solicitado la enmienda de dicho diligenciado *nunc pro tunc* para hacerlo así constar, ni en ninguno de los procedimientos seguidos para oponerse a la nulidad del emplazamiento se sostiene que la persona que lo hizo era en realidad de verdad mayor de 18 años, no puede sostenerse que la corte adquirió jurisdicción sobre la persona del demandado.''

En tal virtud y no habiendo transcurrido el tiempo suficiente para adquirir por prescripción, es necesario concluir que la parte demandada está en posesión de las tierras reclamadas por el demandante sin título eficaz y sin derecho reconocido en ley para ello.

La parte apelante sostiene en su alegato que la sentencia que dictó la corte municipal era nula además por otros conceptos. Habiendo llegado a la conclusión que antecede, es innecesario estudiar y resolver esas otras cuestiones planteadas.

Veamos ahora la cuestión de fraude suscitada por la parte demandada. La circunstancia de que Buonomo fuera hermano de la vendedora Laura López, la de que la partición de la herencia del esposo de la última se practicara seguramente con el único propósito de incluir en ella las fincas, y la de que tanto Laura López como Buonomo tuvieran conocimiento del pleito iniciado por el causante de las demandadas, de la sentencia obtenida y de la venta realizada en el mismo, no perjudican el derecho de Buonomo, ni vician de fraude la transacción realizada. Es indudable que tanto Laura López como Buonomo se enteraron del defecto fundamental existente y se aprovecharon de él, pero esto, por sí solo, no constituye fraude en derecho.

Resumiendo el caso diremos que es evidente que el título más antiguo al dominio de las fincas que se acredita en el pleito correspondía a Juan Juncos Solís. Muerto él pasó a sus herederos. Sus herederos fueron demandados y se dictó sentencia contra ellos, pero no constando que la corte actuara con jurisdicción, no obstante la realidad del procedimiento y el hecho de la posesión de las tierras por la parte

demandada, la potencialidad del derecho de los herederos permaneció inalterable. Cuando los herederos se dieron cuenta al parecer de que esto era así, partieron los bienes dejados por su causante incluyendo entre ellos las fincas de que se trata y adjudicándoselas a la viuda Laura López quien las vendió a su hermano el demandante. El comprador inscribió su título en el registro y así preparado inició este pleito y pidió el reconocimiento de su derecho contrario a la posesión y al título que pudieran ostentar las demandadas. Surgió el conflicto. Fué dirimido por la corte de distrito en contra del demandante. Apeló éste para ante la Corte Suprema y nos hemos visto obligados a reconocer que su derecho es superior al alegado derecho de las demandadas.

El demandante reclamó los frutos producidos en la siguiente forma: *"Quinto:* Que las fincas reseñadas producen una renta mensual de cuarenta dollars.'' Perfecta Juncos, contestó así: *"Quinto:* Acepta el hecho quinto, de la mencionada demanda.'' Y Engracia Juncos, la otra demandada, de este modo: ''4°. Aceptan el hecho quinto de la demanda.''

Siendo este el caso, la sentencia que se dicte debe contener un pronunciamiento condenando a las demandadas a pagar al demandante en concepto de frutos producidos por las fincas, cuarenta pesos mensuales a partir de la fecha de la interposición de la demanda, o sea del 16 de junio de 1916.

Solicita también el demandante la imposición de las costas, desembolsos y honorarios de abogado. Adoptando la práctica generalmente seguida por este tribunal cuando revoca sentencias, creemos equitativo resolver que cada parte pague sus propias costas, desembolsos y honorarios de abogado.

Por virtud de todo lo expuesto, debe revocarse la sentencia recurrida y en su lugar dictarse otra declarando con lugar la demanda, en la forma indicada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.