ANTONIO RIVERA, Plaintiff and Appellee, v. JUAN J. DE ARCE, Defendant and Appellant.

No. 7768. Argued July 1, 1939.—Decided July 19, 1939.

*Francisco González Fagundo* for appellee.   *Adolfo García Veve* for
appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

By judgment of May 12, last, the judgment appealed from
in this case was reversed and another entered dismissing the
complaint with costs.   (54 P.R.R. 738.)

On May 20 the apppellee filed a motion requesting permis-
sion to amend his complaint.   The party appellant not only
objected to the granting of the permission but he has also
requested that his appeal be decided on the other ground
not considered in the opinion delivered by this Court.

In regard to said other ground it was stated in said
opinion:

"Feeling aggrieved, the defendant appealed.   He maintains that
the trial court did not acquire jurisdiction because the service on the
defendant is null and void, and further maintains that the complaint
does not state facts sufficient to vest the court with jurisdiction and
base a judgment on it, because the property is not described therein
in such a way that it can be identified.

"The want of facts is so clear that we need not enter into a close
examination of the service.   The complaint does not state where the
property is located."

We believe in truth that the appellant is right in holding
that the permission to amend has been requested too late,
but as notwithstanding that, perhaps we would feel inclined
to grant it, we deem ourselves bound to consider and decide

the issue of lack of jurisdiction by virtue of the alleged nullity of the summons.

As it appears from the record the following is the showing that the defendant was summoned:

"Return of Summons Served by Private Person. I, Martín Reina Oquendo, duly sworn, testify: That I am over 18 years of age, resident of Humacao, P. R. I am not a party to nor have any interest in this action.

"I Certify: That I received the present summons on March 4. 1938, at four o'clock P. M. and that I personally served the same on Juan J. de Arce, the defendant mentioned in said summons, on March 7, 1938, at 8:11 A. M., delivering to and leaving in his possession, personally, in a sugar-cane field located in the Ward Puerto Real of Vieques a copy of said summons and a true and correct copy of the complaint filed in the action mentioned in the summons, having attested over my signature, in the back of said summons, the place and date of its delivery and service.

"Dated March 8, 1938.—(Signed) Martín Reina, Declarant.

"Sworn to and suscribed before me by Martín Reina Oquendo, of legal age, married, employee and resident of Humacao, P. R., known to me personally, in Humacao, Puerto Rico, on this the 8th of March, 1938.—Mariano Acevedo Zeno, Clerk. Per (signed) Modesto Agosto Torres, Assistant Clerk."

And the appellant alleges:

"As it may be seen, this man who said that he had served the summons, stated under oath solely that he was over 18 years of age, a resident of Humacao, and that he had no interest in the action nor was a party to the same. This is what he stated under oath. The rest of the facts expressed in the return were certified to by him. And as a private person cannot certify to anything, it is clear that this summons never conferred jurisdiction upon the lower court, and the latter should not have rendered judgment as it did, as such judgment was rendered without jurisdiction."

There is no doubt that when the summons is not served by the marshal, the private person who serves said summons has no authority to certify to it. Yet, the certificate is not fatally defective when, as in this case, an oath is taken as to the whole certificate.

In the case of *Mitchell* v. *National Surety Co.,* 206 Fed. 807, it was held to this effect, . . . "an affidavit of service by a private person in the form of a certificate, to which a *jurat* was attached reciting that the same was subscribed and sworn to, etc., before a notary public was not defective because it did not recite in the body that the affiant was declaring under oath."

And in Bancroft's "Code Practice and Remedies," Vol. II. p. 1363, it is stated: "But an affidavit in the form of a certificate followed by a jurat reciting that it was subscribed and sworn to before a notary public is sufficient though there is no statement in the body of the certificate that the affiant declares under oath."

█ But even if this is true, there is another defect which, this being a case in default, is more important. It does not appear from the return that the person who served the summons was at the time of serving it, over 18 year of age.

In the case of *Buonomo* v. *Succession of Juncos,* 28 P.R.R. 380, 383, 384, where it was alleged the lack of jurisdiction of a court to enter judgment because it did not appear that the person who served the summons on the defendants was at the time of doing so, over eighteen years of age, it was held:

"We have carefully considered the questions raised. Courts generally incline in cases of this kind to sustain the validity of the judgment attacked. Reasons might be found perhaps for disputing the existence of the errors assigned as numbers 2, 3 and 4, but the error assigned under number 1 is so patent and jurisprudence on the matter is so positive that by reason of that error we are compelled to agree with the plaintiff that the title of the defendants is void because it does not appear that the court that entered the judgment which is the basis of the said title acquired jurisdiction over the persons of the defendants in the suit.

"In the case of *Andino* v. *Knight,* 20 P.R.R. 185, citing the jurisprudence on which the decision was based, this court said:

" 'In order to be considered valid the return on a summons must show *per se* that all the requisites have been complied with (*Linnot* v. *Rowland,* 119 Cal. 452, 51 Pac., 687; *People* v. *Bernard,* 43 Cal.,

385); and when the service is made by any other person than the marshal, the return must show that he was over 18 years of age at the time of making the service (*Maynard* v. *McCrellish*, 57 Cal., 355; *Howard* v. *Galloway*, 60 Cal., 11; *Doerfler* v. *Schmidt*, 64 Cal., 265; *Lyons* v. *Cunningham*, 66 Cal. 42; *Barney* v. *Vigoureaux*, 75 Cal. 376; *Horton* v. *Gallardo*, 88 Cal. 581), as well as the place where the service was made. *Lynch* v. *West*, 63 W. Va., 571, 60 S. E., 606.

" 'The return should contain also the sworn statement that the person making the service is not a party to the action, this being one of the requirements of law when a person other than the marshal serves the summons. Therefore, when, as in the present case, the said requirements have not been complied with, it is not shown by the return on the summons that the secretary is empowered to enter the default, or that the court acquires jurisdiction over the defendant. *Barney* v. *Vigoreaux* and *Horton* v. *Gallardo, supra.*' "

And Bancroft in his treatise "Code Practice and Remedies", Vol. II, page 1365, states the doctrine thus:

"Where service is made by a person other than an officer, his affidavit must show that he was qualified under the statute to make it. So it must show that he was over the age specified in the statute at the time of the service and not merely at the time of making the affidavit."

This does not mean that the summons is so fatally defective that it cannot be corrected, as it can be proven that the person who served process was in truth of legal age when he served the same.

But the attendant circumstances are so numerous in this particular case that we do not feel inclined to exercise our discretion in order to grant the amendment. If the party has a clear right to the realty possessed by the plaintiff in the illegal way in which he states, let him claim it anew in due form before the competent court of justice.

The motion to amend is denied.

Mr. Justice Travieso took no part in the decision of this case.