Antonio Rivera, demandante y apelado, *v.* Juan J. de Arce, demandado y apelante.

Núm. 7768.—*Sometido:* Julio 1, 1939. *Resuelto:* Julio 19, 1939.

*Francisco González Fagundo,* abogado del apelado; *Adolfo García Veve,* abogado del apelante.

Eł Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Por sentencia de mayo 12 último se revocó la recurrida en este caso y se dictó otra desestimando la demanda, con costas (54 D.P.R. 777).

En mayo 20 la parte apelada presentó una moción solicitando permiso para enmendar su demanda. La parte apelante no sólo se opuso a la concesión del permiso si que ha pedido además que se resuelva su apelación por el otro fundamento no considerado en la opinión de esta corte.

En efecto en dicha opinión se dijo:

"No conforme el demandado, apeló. Sostiene que la corte sentenciadora no adquirió jurisdicción porque el emplazamiento del demandado es nulo, y sostiene además que la demanda no alega hechos suficientes para dar jurisdicción a la Corte y para basar la sentencia porque no describe la finca de modo tal que pueda identificarse.

"La falta de hechos es tan clara que no necesitamos entrar en el examen del emplazamiento. No se dice en la demanda dónde se encuentra la finca."

Creemos que en verdad tiene razón el apelante al sostener que el permiso para enmendar se ha solicitado demasiado tarde pero como eso no obstante quizá nos inclináramos a concederlo, nos sentimos obligados a considerar y resolver la cuestión de la falta de jurisdicción por razón de la alegada nulidad del emplazamiento.

■ Tal como aparece de los autos la constancia de ha berse emplazado al demandado es la que sigue:

"CERTIFICADO DE DILIGENCIAMIENTO PERSONA PARTICULAR.—Yo, Martín Reina Oquendo, debidamente juramentado, declaró: Que soy mayor de 18 años, vecino de Humacao, P. R., no soy parte ni tengo interés en esta acción.

"CERTIFICO: Que recibí el presente emplazamiento a las cuatro de la tarde del día cuatro de marzo de 1938, y que notifiqué el mismo personalmente a las 8:11 de la mañana del día siete de marzo de 1938 a Juan J. de Arce, demandado mencionado en dicho emplazamiento, entregando a dicho demandado y dejando en su poder personalmente en un corte de cañas en el barrio Puerto Real de Vieques, una copia de dicho emplazamiento, y en poder del demandado Juan J. de Arce una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento, habiendo hecho constar con mi firma al dorso del emplazamiento el sitio y fecha de su entrega y notificación.

"Fechado hoy día 8 de marzo de 1938.—(f) Martín Reina, Declarante.

"Jurado y firmado ante mí por Martín Reina Oquendo, mayor de edad, casado, empleado y vecino de Humacao, Puerto Rico, a quien doy fe conocer personalmente en Humacao, Puerto Rico, a 8 de marzo de 1938.—Mariano Acevedo Zeno, Secretario. Por (f) Modesto Agosto Torres, Subsecretario."

, Y alega el apelante:

"Como se ve, este individuo que dijo haber practicado la diligencia del emplazamiento, lo único que hizo fué jurar que era mayor de 18 años, ser vecino de Humacao, no tener interés en el asunto y no ser parte en la acción. Esto fué lo que juró. Lo demás que consigna en la diligencia lo hace por vía de CERTIFICACIÓN. Y como una persona particular no puede certificar nada, es indudable que este emplazamiento no confirió jurisdicción a la corte inferior, no habiendo debido ella dictar sentencia, como lo hizo, por ser improcedente."

No hay duda que cuando el emplazamiento no se practica por el márshal la persona particular que lo verifica no está autorizada para certificarlo. Sin embargo, la certificación no constituye un defecto fatal cuando como en este caso se jura la actuación.

A ese efecto se decidió en el caso de *Mitchell* v. *National Surety Co.*, 206 F. 807, 809, "...que un *affidavit* de diligenciamiento por una persona particular, a manera de certificación, a la que se añadió un *jurat* exponiendo que el mismo había sido suscrito y jurado, etc., ante un notario público, no era fatalmente defectuoso meramente porque no se decía en el cuerpo del mismo que el certificante estaba declarando bajo juramento." Y en Bancroft "Code Practice and Remedies", pág. 1364, se dice: "Un *affidavit* en forma de certificado seguido por un *jurat* que declara que ha sido firmado y jurado ante un notario público es suficiente, aun cuando no se diga en el cuerpo del certificado que el deponente declara bajo juramento."

█ Pero si bien ello es así, hay otro defecto que tratándose como se trata de un caso en rebeldía, es más serio. Consiste en que no consta del diligenciado que la persona que hizo el emplazamiento fuera al practicarlo mayor de diez y ocho años de edad.

En el caso de *Buonomo* v. *Sucesión Juncos*, 28 D.P.R. 409, 413, en el que se alegó la falta de jurisdicción de una corte para dictar sentencia porque no constaba que la persona que emplazó al demandado fuera cuando actuó mayor de diez y ocho años, se resolvió:

"Hemos estudiado cuidadosamente las cuestiones suscitadas. Las cortes generalmente se inclinan en casos de esta naturaleza a sostener la eficacia de las sentencias impugnadas. Podrían encontrarse tal vez argumentos para combatir la existencia de los errores apuntados bajo los números 2, 3 y 4, pero el señalado con el número 1 es tan patente y la jurisprudencia es tan terminante sobre el particular, que nos vemos obligados a convenir, por razón de él, con el demandante, que el título de la parte demandada carece de valor porque la corte que dictó la sentencia, base de dicho título, no consta que llegara a adquirir jurisdicción sobre la persona de los demandados en el pleito.

"En el caso de *Andino* v. *Knight*, 20 D.P.R. 198, 201, citando la jurisprudencia en que se basaba para ello, este tribunal se expresó así:

" 'La diligencia de citación debe demostrar por sí misma que ha sido cumplido todo lo necesario para que pueda estimarse buena, *Linnot* v. *Rowland*, 119 Cal. 452, 51 P. 687; *People* v. *Bernard*, 43 Cal. 385; y cuando es practicada por persona que no es el márshal, debe aparecer de ella que tenía más de diez y ocho años en el momento de llevarla a efecto, *Maynard* v. *McCrellish*, 57 Cal. 355; *Howard* v. *Galloway*, 60 Cal. 11; *Doerfler* v. *Schmidt*, 64 Cal. 265; *Lyons* v. *Cunningham*, 66 Cal. 42; *Barney* v. *Vigoreaux*, 75 Cal. 376; *Horton* v. *Gallardo*, 88 Cal. 581, así como el lugar en que se practicó, *Lynch* v. *West*, 63 W. Va. 571, 60 S. E. 606.

" 'También debe contener la afirmación jurada de que no es parte en la acción, por ser uno de los requisitos que exige la ley para que una persona distinta del márshal pueda practicar la citación. Por tanto cuando, como en el caso presente, se han dejado de cumplir los extremos expresados, no aparece del diligenciamiento que el secretario estuviera facultado para registrar la rebeldía ni que el tribunal adquiriera jurisdicción sobre el demandado para juzgarlo. *Barney* v. *Vigoureaux* y *Horton* v. *Gallardo*, supra.' "

Y Bancroft en su obra "Code Practice and Remedies", Vol. II, pág. 1365, expone la doctrina en la siguiente forma:

"Cuando el emplazamiento se efectúa por persona que no es el márshal, su *affidavit* debe demostrar que reúne los requisitos que exige el estatuto para poder efectuarlo. Así, debe demostrar que sobrepasaba la edad que dispone el estatuto en el momento de efectuar el emplazamiento, y no meramente al tiempo de preparar el certificado de diligenciamiento."

No quiere ello decir que se trate de un defecto de tal modo fatal que no pueda corregirse, ya que puede probarse que la persona que hizo el emplazamiento era en efecto mayor de edad cuando lo verificó.

Pero son tantas las circunstancias que concurren en este caso particular que no nos sentimos inclinados a ejercitar nuestra discreción en el sentido de conceder la enmienda. Si la parte tiene un derecho claro al terreno poseído por el demandante de la manera ilegal que ella dice, que lo reclame de nuevo en debida forma ante la corte de justicia competente.

*La moción sobre enmienda debe declararse sin lugar.*

El Juez Asociado Sr. Travieso no intervino.