Rosalía Roca, como madre con patria potestad sobre su menor hijo Juan Antonio Roca, demandante, apelada y apelante, v. Juan Vázquez Suárez, demandado, apelante y apelado.

Núm. 7911.—*Sometido:* Marzo 16, 1939. *Resuelto:* Julio 26, 1939.

*Edelmiro Martínez Rivera,* abogado del apelante apelado; *José C. Jusino,* abogado de la apelada apelante.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En la Corte de Distrito de Bayamón y en 27 de enero de 1937, Rosalía Roca, a nombre de su hijo menor Juan Antonio Roca, radicó demanda de filiación contra Juan Vázquez Suárez. El demandado fué emplazado en noviembre 27 del referido año. Éste radicó moción eliminatoria en diciembre 4, 1937. La demandante presentó demanda enmendada el 4 de febrero de 1938. El demandado presentó excepción previa en febrero 15. La excepción fué discutida en marzo 14 en ausencia del demandado. El 17 de marzo la corte declaró la excepción previa sin lugar y concedió diez días al demandado para contestar. Los autos demuestran que el secretario notificó a las partes el mismo día enviándoles copia de la resolución. En 29 de marzo el demandado radicó una moción de prórroga, fechada marzo 28. La corte, por resolución de marzo 30, 1938, declaró sin lugar la moción y dijo:

"Resultando que el término concedido al demandado para radicar su contestación en este caso vencía el 27 de marzo de 1938, pero por ser domingo ese día el término venció en realidad el 28 de marzo de 1938; y la moción de prórroga fué radicada fuera de término."

La demandante solicitó en abril 1, 1938, que se anotara la rebeldía del demandado. Ese mismo día el abogado del demandado escribió al de la demandante solicitando que no le anotara la rebeldía y prometiéndole archivar su contestación antes del día 10 de abril. La rebeldía se anotó el día 2 de abril. El demandado radicó una contestación jurada el 8 del mismo mes. Algún tiempo después el abogado del demandado se enteró de que se le había anotado la rebeldía y en abril 30 presentó a la corte una moción jurada solicitando apertura de la misma. En su moción alegó que la copia de la resolución que declaró sin lugar su excepción previa y le concedió diez días para contestar había sido recibida por él en marzo 20, y que erróneamente había asumido que el término expiraba en marzo 30; que la moción de prórroga había sido puesta en el correo por él en marzo 28, pero que no había sido radicada en corte hasta el día 29; y que para aquel entonces creyó que su moción había sido radicada oportunamente. Alegaba que su cliente tenía una buena defensa y solicitaba se le diera la oportunidad de presentarla a la corte. Ésta por resolución de junio 25 declaró sin lugar la moción, y dijo:

1. Que no debe asumirse el vencimiento de un término.
2. Que la fecha de depositar una alegación en el correo no es la de la radicación del documento.
3. Que convenios o estipulaciones de las partes hechos a espaldas de la corte no obligan a ésta.

El demandado solicitó la reconsideración el 29 de junio. Su moción fué denegada el 5 de julio.

El caso fué visto ex parte, el 29 de julio. El demandado no fué notificado del señalamiento y éste no fué entrado en el calendario que el secretario lleva en su oficina sino en una libreta de hojas sueltas que el juez guarda en su despacho. Durante el juicio se eliminó la contestación a instancias de la demandante. Ésta practicó su prueba en ausencia del demandado y en 30 de julio la corte dictó sentencia en favor de la demandante declarando a Juan Antonio Roca hijo natu-

ral de Juan Vázquez Suárez. No se impusieron costas. La sentencia fué notificada a las partes el 1 de agosto. El día 6 de dicho mes el demandado compareció por moción jurada solicitando de la corte dejara sin efecto la rebeldía y la sentencia; que admitiera la contestación radicada y que celebrara el juicio durante el siguiente término. Esta moción fué discutida en agosto 26 y resuelta adversamente el día 31 de dicho mes.

El 31 de agosto la demandante apeló de aquella parte de la sentencia que no le concedía costas ni honorarios de abogado. El demandado apeló de la sentencia en rebeldía de julio 30, y de la resolución que declaró sin lugar su última moción para que se dejara sin efecto la anotación de la rebeldía y la sentencia, de agosto 31.

El alegato de la demandante (radicado como apelante) sostiene que la ley (artículo 327 del Código de Enjuiciamiento Civil, tal cual fué enmendado por la Ley núm. 69 de mayo 11, 1936), impone a la corte el deber de conceder las costas a la parte que obtiene sentencia, con honorarios de abogado cuando la parte contraria ha sido temeraria, e insiste en que las muchas alegaciones del demandado constituyen temeridad.

El demandado no radicó alegato en su carácter de apelado.

En su alegato como demandado apelante señala cuatro errores, a saber:

1. Erró la Corte de Distrito de Bayamón al declarar sin lugar la moción del demandado solicitando apertura de la rebeldía anotada y al negarse a reconsiderar tal negativa a solicitud del demandado.

2. Erró la Corte de Distrito de Bayamón al celebrar un juicio en este caso con la sola comparecencia de la parte demandante y no obstante existir en autos una contestación jurada, sin que previamente se notificara al demandado y por la demandante de su moción de señalamiento así como del señalamiento mismo hecho por la corte para tal juicio, a fin de que el demandado tuviera la oportunidad siquiera de oír la prueba de la demandante en apoyo de sus pretensiones.

3. Erró la Corte de Distrito de Bayamón al dictar sentencia en rebeldía en este caso y al negar la solicitud del demandado para

dejarla sin efecto bajo la autoridad del artículo 140 del Código de Enjuiciamiento Civil.

4. Erró la Corte de Distrito de Bayamón al estimar y considerar que la prueba de la demandante presentada ex parte en apoyo de sus alegaciones era suficiente para sostener la sentencia dictada en este caso en contra del demandado.

El demandado reproduce en su alegato los argumentos contenidos en sus mociones radicadas en la corte inferior. Sostiene que cuando presentó su moción de prórroga estaba bajo la impresión de que ésta no era tardía: que sea ello como fuere, la moción llegó tan sólo con un día de retraso; que la copia de la resolución en que se le concedían 10 días para contestar estaba fechada marzo 17, pero que la recibió el 20 del mismo mes y que de la copia de la resolución no se desprendía cuándo se archivó en los autos del caso la notificación de dicha orden. El fundamento que tuvo el letrado del demandado para solicitar una prórroga fué que tenía un caso pendiente ante el Tribunal Supremo de los Estados Unidos y que le era menester radicar un alegato en dicho caso, estando, en su consecuencia excesivamente ocupado.

También alega el letrado que antes de anotarse la rebeldía escribió al abogado de la demandante solicitando no la anotara y que se allanara a la radicación de la contestación; que al no recibir contestación creyó de buena fe que se había accedido a su petición; y que radicó la contestación siete días más tarde, o sea a los cinco días de anotada la rebeldía y sólo once días después de expirado el término.

Dice también que la carta dirigida al abogado de la demandante se menciona, no como evidencia de que se llegó a una estipulación o para sostener que obligaba a la demandante o a la corte, sino para explicar los motivos que indujeron al demandado a creer, al presentar su contestación, que no se le había anotado la rebeldía.

Sostiene que el secretario de la corte inferior no cumplió con las disposiciones de ley (artículo 142-a del Código de Enjuiciamiento Civil) porque "el tiempo dentro del cual se

debe enmendar o contestar . . . se empezará a contar desde la fecha en que se una a los autos el antedicho aviso,'' y porque la ley requiere que ''un aviso por escrito'' sea enviado por correo a la parte perjudicada o a su abogado, y que una copia de dicho aviso sea unida a los autos.

Sostiene el apelante que la notificación escrita que se envíe a la parte perjudicada o a su abogado debe contener toda la información necesaria para que la parte pueda determinar cuándo expira el término concedido: es decir, debe contener la fecha en que se archiva en autos la copia de la notificación.

Alega que se le envió copia de la resolución de la corte y no una notificación original, cuya copia, al ser archivada en los autos, daría comienzo al término; y que no se cumplieron las disposiciones del estatuto.

El apelante cita muchas decisiones en apoyo de su contención de que las cortes deben dar siempre una oportunidad a las partes para exponer su defensa; y que el estatuto bajo el cual se solicita el remedio (art. 140 del Código de Enjuiciamiento Civil) debe ser liberalmente aplicado e interpretado.

### Segundo Error.

En apoyo de su segundo señalamiento el apelante sostiene que tenía derecho a ser notificado de la moción de la demandante solicitando se fijara fecha para el juicio y del día que se fijara para la celebración del mismo.

Alega el demandado que un pleito de filiación es un procedimiento judicial importante, que él había comparecido en corte y que en su consecuencia tenía derecho a ser notificado de todas las mociones y procedimientos posteriores, tal cual provee la ley (artículos 323 y 324 del Código de Enjuiciamiento Civil).

Sostiene el demandado apelante que el caso fué entrado en un calendario especial y que su abogado no estaba obligado a tomar conocimiento de los casos allí entrados conforme lo está con los casos entrados en el calendario general.

Insiste además en que una vez que un demandado ha comparecido, él tiene derecho a que se le notifique de cualquier señalamiento que se ordene y a comparecer a la vista en defensa de sus intereses.

Y que aun si no existía el deber legal de notificar a un demandado en semejante caso, en el presente debió haberse hecho tal cosa, toda vez que había una contestación jurada en que se negaban todos los hechos alegados en la demanda. Cita los casos de *Pérez Hnos.* v. *Oliver,* 11 D.P.R. 397; *Sucn. Chavier* v. *Sucn. Giráldez,* 15 D.P.R. 154; *Andino* v. *Knight,* 20 D.P.R. 198.

### Cuarto Error.

El demandado apelante sostiene que la prueba era insuficiente para dictar sentencia en favor de la demandante, por los siguientes motivos:

1. La prueba consistió en un certificado de nacimiento y en las declaraciones de tres testigos.

2. Los testigos fueron (*a*) la demandante, (*b*) su madre, (*c*) un menor.

3. Las preguntas hechas por el letrado de la demandante fueron sugestivas.

4. La prueba era insuficiente.

5. La corte no hizo esfuerzo para investigar la prueba ni repreguntó a los testigos.

El alegato radicado por la demandante como apelada sostiene:

1. El primer error señalado no existe, puesto que la corte cumplió con la ley. Los argumentos del demandado no eran convincentes y las órdenes de la corte negándose a abrir la rebeldía no fueron dictadas en exceso de su discreción.

2. El segundo error no existe. El demandado estaba en rebeldía y no había obligación alguna de notificarle la fecha señalada para el juicio. Si en realidad deseaba estar presente durante el juicio, debió haber estado pendiente del calendario.

3. El tercer error no existe. Es cierto que la demandante recibió una solicitud del demandado pidiéndole que no le

anotara la rebeldía, mas la carta fué recibida por ella después de haberse anotado la rebeldía. Sin embargo, la apelada no se opuso a la moción del demandado en que se solicitaba la apertura de la rebeldía. Ella dejó el asunto a la discreción de la corte. Ésta no halló razón alguna para abrir la rebeldía y la demandante sostiene que la corte actuó de acuerdo con la ley y la justicia.

4. El cuarto error no existe. La apelada cree que la corte estuvo acertada en su conclusión de que existía el estado de hijo natural reconocido, y sostiene que el demandado lo que desea es impedir la ejecución de la sentencia y que el deseo de éste es evitar tener que alimentar al menor. Suplica que la sentencia sea confirmada y se condene al demandado al pago de las costas.

No trataremos de analizar todos los señalamientos de error presentados por el demandado apelante, ni los argumentos que expone en apoyo de los mismos. Creemos que el artículo 140 del Código de Enjuiciamiento Civil, bajo las circunstancias expuestas, debió haber movido a la corte inferior a abrir la rebeldía original y más especialmente a dejar sin efecto la sentencia dictada en rebeldía. El presente es un pleito para establecer el estado de un menor, incoado contra su padre putativo. Existen probabilidades razonables de que el presunto padre crea que tiene una buena defensa. Las rebeldías se anotaron al transcurrir cortos períodos y entendemos que las faltas se debieron generalmente al exceso de trabajo del abogado del demandado.

El artículo 140 del Código de Enjuiciamiento Civil en su parte pertinente dispone:

"Artículo 140.—Podrá la corte, en bien de la justicia, y en los términos que fuesen adecuados, permitir a una de las partes enmendar cualquier alegación o procedimiento, bien añadiendo o eliminando el nombre de alguna parte o corrigiendo un error en el nombre de la misma, o en cualquier otro particular, y en igual forma, prorrogar el término para la contestación o excepción previa. La corte puede también, a su arbitrio, después de notificada la parte contraria, permitir en la forma que estimare justa, una enmienda a cualquier

alegación o procedimiento en otros particulares, y puede, en igual forma, permitir que se formule una contestación después del término prescrito por este Código, y también eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia;...."

Hallamos que varias de las faltas del letrado eran las inadvertencias o equivocaciones especificadas en el estatuto.

*Debe revocarse la sentencia apelada y devolverse el caso a la Corte de Distrito de Bayamón para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Travieso no intervino.